FILED
 2010 Sep-03  AM 10:38
U.S. DISTRICT COURT
    N.D. OF ALABAMA

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| Claudia Balcero Giraldo, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 7:09-cv-1041-RDP |
| ) | |
| Drummond Company, Inc.; Drummond Ltd.; ) | |
| Augusto Jiménez; Alfredo Araujo; and ) | |
| James Adkins, ) | |
| ) | |
| Defendants. ) | |

## DECLARATION OF ALEJANDRO LINARES-CANTILLO

1. My name is Alejandro Linares-Cantillo. I am 50 years of age, and I am a citizen of the Republic of Colombia. I received my law degree from the Universidad de los Andes in Bogotá, Colombia, in 1984, since which time I have been authorized to practice law in Colombia. I presently serve as the Managing Partner of the law firm Gómez-Pinzón Zuleta Abogados S.A. in Bogotá.

2. I am fluent in both Spanish and English. I completed a masters degree in law (L.L.M.) at Harvard University, and I have undertaken studies in finance at the Universidad de los Andes. In addition to my law practice, I have been a Professor of Law at the Universidad de los Andes. I have acted as counsel, advisor, litigator, and arbitrator in several civil, commercial, and international legal disputes.

3. The contents of this Declaration are based upon my personal knowledge of Colombian law and are offered in my capacity as a Colombian lawyer.

DC01:557613.1

4. I have reviewed a copy of the Second Amended Complaint filed in the above-captioned action in connection with my preparation of this Declaration. I have also reviewed a copy of the Memorandum Opinion filed in this action on April 30, 2010. I have been asked by counsel for Drummond Ltd. to address the question of how and to whom any recovery of damages in this action would be distributed under Colombia law.

5. Under Colombian law, when a person perishes, the family members or relatives may bring a claim individually for the damages caused to them directly (*de iure proprio*) due to his/her decease, or for the unclaimed actions of the decedent (*iure heriditatis*) in their capacity as heirs. This Court's Memorandum Opinion dated April 30, 2010, at p. 34, notes that in this action "[t]here are no claims for personal damages, as those have all been omitted." The claims in this action are, therefore, properly treated as *iure hereditatis* under Colombian law.

6. The capacity to sue acting *de iure hereditatis* depends on whether a plaintiff is considered as a legal heir of the deceased or not. Legal heirs of a deceased may be specified in a will, but wills are uncommon among the rural population of Colombia and the Second Amended Complaint does not reveal whether any of the plaintiffs' decedents left a will. As to decedents who died intestate, the heirs of such decedents are determined by the law of the last domicile of the deceased according to Article 1012 of the Colombian Civil Code, which is Colombia.

7. Under Colombian law, a decedent's spouse is entitled to half of the marital property. Afterwards, if the deceased is intestate, the remaining property is distributed according to Articles 1037 through 1051 of the Colombian Civil Code, which set forth the rules of intestate succession. The persons and the order in which the estate of a decedent is to be distributed when the deceased is intestate are as follows:

   i. In the first order of distribution, article 1045 of the Colombian Civil Code, as amended by article 4 of Law 29 of 1982, grants priority to the deceased's children and their issue, establishing that *"Legitimate, adoptive and extramarital sons exclude all the other heirs and will receive between them equivalent parts (...)"*. Surviving children then take equal shares of the estate; issue of children who died before the deceased take their parent's share "by representation" as explained below. These heirs, when they exist, exclude all others.

   ii. In the second order of intestate succession, article 1046 of the Colombian Civil Code, as amended by article 5 of Law 29 of 1982, provides that *"If the decedent does not have any descendants, the proximate degree ascendants, adoptive parents and spouse will succeed him (...) in equal parts"*. These heirs, when they exist, exclude all others.

   iii. In the third order of inheritance, article 1047 of the Colombian Civil Code, as amended by article 6 of Law 29 of 1982, provides that *"If the decedent leaves no descendants nor ascendants, nor adoptive sons, nor adoptive parents, his*

*siblings and spouse will succeed him(...)*". These heirs, when they exist, exclude all others.

iv. In the fourth order of inheritance, article 1051 of the same statute, as amended by article 8 of Law 29 of 1982, establishes that "*If there are no descendants, ascendants, adoptive sons, adoptive parents, siblings and spouses, the sibling's issue will succeed the decedent. (...)*" These heirs, when they exist, exclude all others.

v. And finally, in the fifth order of inheritance article 1051 of the Civil Code as amended by article 8 of Law 29 of 1982, provides the following: "*(...) In the absence of the foregoing, the ICBF will succeed*".

Based on the above rules, if an heir of one of these succeeding orders exists, he or she automatically excludes the application of the other orders. However, the figure of "representation" is an exception to the general rule of the automatic exclusion within the different orders of distribution. According to article 1041 of the Colombian Civil Code, representation consists in "*(...) a legal fiction where by a person takes the place and, therefore, the kindred and succeeding rights of his father or mother when these could not or would not succeed, even though they had the right to*".

8. Hence, only the persons considered by law as heirs are capable to sue de *iure hereditatis* as representatives of the decedent's rights and obligations. In this regard, the Colombian Supreme Court has understood that: "*The heir, (...) is the beneficiary who,*

*instituted by law or by will, succeeds the* de cujus *in all his property, a portion of it, or finally, the residue (arts. 1011 and 1057 of the Civil Code) (...) This chapter of the heir, which converts him into a true legal successor of the deceased, permits and requires him to occupy the place of the deceased, not only as the legal holder of all rights but also as subject to all obligations (...)*" Colombian Supreme Court -- Civil Chamber -- Decision of April 11, 1975. Quoted by Roberto Suarez Franco, <u>Derecho de Sucesiones</u>. Temis. 1989. Pgs. 266-268.

9. In this specific case, the Second Amended Complaint identifies many plaintiffs who are not entitled to share in any recovery, if the allegations are taken as true. For example, paragraph 20 names seven plaintiffs suing on behalf of the deceased Jaime Elias Barros Ovalle. Two of those plaintiffs are said to be the wife and child of Mr. Barros. If that is true, the wife and the other five plaintiffs -- three siblings, a mother, and a nephew -- are not entitled to share in any recovery on behalf of Mr. Barros. Under article 1045 of the Colombian Civil Code, as amended by article 4 of Law 29 of 1982, the decedent's children exclude all other heirs.

10. The Second Amended Complaint identifies one or more Plaintiffs as "the legal representative" of the decedent. Colombian law does not designate any particular heir as a "legal representative," and the Second Amended Complaint does not explain, nor do I understand, whether the claim to be a legal representative is based upon a will, or a court order, an agreement among the heirs, or some other basis.

11. If any heir of a deceased person acting *de iure heriditatis* recovers a judgment, the proceeds would be shared among the heirs of the deceased in accordance with the rules of succession described in paragraph 7 of this Declaration (or according to a will, if any).

12. Whoever intends to sue as an heir must prove his or her condition. The *Council of State* (Consejo de Estado), Colombia's highest administrative court, has established that this can be done by presenting either a judicial decision or public notary document whereby the condition of heir is stated, the pertinent document proving the person's civil status and relationship with the decedent, or the will that serves as title. (Consejo de Estado, Sala de lo Contencioso Administrativo, Sección Tercera, Decision of September 10,1998).

"I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct."

Alejandro Linares-Cantillo
September 2, 2010

DC01:557613.1