FILED

2010 Sep-13  AM 09:27
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| Claudia Balcero Giraldo, et al. | ) | Case No. 7:09-cv-1041-RDP |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Drummond Company, Inc.; | ) | |
| Drummond Ltd; Augusto Jiménez; | ) | |
| Alfredo Araújo; y James Adkins, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### DECLARATION OF FRANCISCO RAFAEL OSTAU DE LAFONT DE LEON

1. My name is Francisco Rafael Ostau De Lafont, I am Colombian and I am 61 years old and currently reside in the city of Bogota.

2. I have practiced law in Colombia since 1978 in private and public practice and as a law professor and researcher of the *Universidad Libre y Externado*. I have a PhD in Law and a PhD in Sociology Law from the *Universidad Externado de Colombia*.

3. I make this declaration as an attorney with knowledge and experience in Colombian Law and within the scope of the issue I was consulted about.

4. In preparing this Declaration, I have reviewed a copy of the Second Amended Complaint in this case.

5. I have been asked by plaintiffs' counsel to address the way the damage awards in a wrongful death action should be distributed and who are the beneficiaries of the damages under the Colombian law.

6. Under Colombian civil law in order for any person to have the right to recover damages, he or she must have legal capacity.[1] Consequently, any person who has the right to

---

[1] The Colombian Constitutional Court in the Case C- 983 of 2002 delineates the scope of the legal capacity and stated that "the first one [the capacity] is the general faculty that every individual or legal entity has to be subject of rights and obligations, and it is without doubt, the essential attribute of the legal existence. On

recover damages may or may not act through a legal representative or through a court appointed representative in the cases provided by the law. The participation of a representative does not prevent any person with the right to sue and recover damages from exercising these rights directly and personally.

7. Under Colombian law a person can represent him or herself if he or she is legally capable following the requirements of Articles 1503 and 1504 of the Civil Code. In some cases the existence of a legal representative is necessary or mandatory, as in the cases of people under legal protections as guardianship and curatorship due to their general or specific incapacities.[2]

8. People who legally represent those who lack capacity or people who have permanent or temporary limitations are defined in articles 428, 430, 431 and 432 of the Civil Code, and their duties have been described in the jurisprudence of the Constitutional Court in order to favor the interests and protect the rights of those people who can not do it for themselves. Consequently, those who according to the law lack general or specific capacity, require to be represented by a legal representative or guardian.

9. For the specific case of the person who dies and is survived by his/her spouse and children or by a common law wife and children, each one of them can receive the award for damages directly unless they voluntarily appoint an estate executor or legal representative of the estate if they are 18 years old of age (article 306 of the Civil Code). In the event that they are minors, the legal representation will be exercised by either parent, (article 288 of the Civil Code) and if only one of them survived he or she will take care of the minor (articles 306 and 307 of the Civil Code). If one of the parents dies, the survivor shall be responsible for all costs of upbringing, education and development of the children, in accordance with article 258 of the Civil Code, in agreement with article 411 of the same statutory provision. In this case, the parent will receive the damages

---

[2] the other hand, the ability of exercising rights or legal capacity is the ability that the law recognizes to a person to bind him or herself, without the involvement or authorization of others. This implies, then, the power to make legal transactions and intervene in the legal market without the participation of third parties. In accordance with the judgment of the Constitutional Court (Judgment C-983 of 2002), persons who are mentally retarded, minors who have not reached puberty, and those persons who are deaf-mutes who cannot make themselves understood in writing, are to be considered to lack absolute legal capacity and their actions are to be considered an absolute nullity; persons who are minor adults and persons under judicial guardianship have relative legal capacity provided that their actions may have value under certain circumstances and under certain provisions as determined by law. This lack of capacity results in a nullity as it relates to its effects.

award and will assume the costs of child care until he or she reaches the age of maturity or finishes college.

10. Inheritance rights are ruled by the third book of the Civil Code that regulates succession. The rules regarding the intestate succession are part of title II of this book. Article 1037 and the articles that follow rule the succession or order of distribution. Under Colombian Law this order is as follows: In the first order of distribution are the legitimate children, adopted children and children conceived outside of marriage that exclude all the other heirs and will receive among them equally distributed portions, without affecting the conjugal portion; in the second order are the nearest ascendants (ancestors): if the deceased did not have offspring he or she should be succeeded by his/her closest ascendants (ancestors),  his/her adopting parents and his/her spouse; in the third order are siblings and spouse: if the deceased was not survived by any adopted children nor adoptive parents, he or she will be succeeded by his/her siblings and his/her spouse; in the fourth order are nieces and nephews: in the absence offspring, ascendants, adopted children, adoptive parents, siblings and spouse, the deceased will be succeeded by his/her nieces and nephews; and finally in the fifth order and in absence of the people listed in the previous orders is the Colombian Institute for Family Welfare.

11. Notwithstanding this order of succession, when the damages result from a criminal act, such as murder, such as is alleged in this case before the court, then the issue is distinct and Colombian law focuses on the award of damages to the victim and or his/her family members; in these cases arises the need to compensate or repair the damage caused, without taking into consideration the kinship or the rules of succession. This has been the criteria followed by the Colombian government in the case of Mapiripan vs. Colombia before the InterAmerican Court of Human Rights in which the government admitted that reparations for damages could be made with respect to unidentified victims, provided that *"it has been ordered that for the purposes of receiving payment the relatives must show to the competent internal authorities reliable evidence of their relationship with the victim in order to receive the corresponding payment for damages"*[3].

---

[3]     Inter-American Court of Human Rights. Case of the Mapiripan Massacre vs. Colombia. Merits, Reparations and Costs. Judgment of September 15, 2005. Series C No. 134.

12. This payment for damages which is made directly to the family of the victim, and originated in accordance with the provisions of article 1494 of the Civil Code is non-contractual, and is not generated through a contract or agreement. Thus, it is generated by the mere existence of a crime or unintentional tort which requires the offender or their agents to pay or compensate the victim for the damage caused. The cited statutory reference reads as follows: *"The obligations are originated either from an agreement between two or more people, like in the case of contracts and conventions; either as a result of a voluntary act of a person who binds him/herself to assume an obligation like in the case of estates and wills and in all quasi contracts (implied agreements); either as a result of an act that has resulted in defamation or damage to another person, like in the case of crimes, either for a stipulation of the law, like the case of parents and their children."* Similarly and in accordance with Article 1494 Civil Code, article 94 of the Penal Code provides in regards to the reparation of damages that *"the punishable conduct triggers the obligation of repairing the material and moral damages caused as a result of the crime."* This statutory provision is complemented by article 95 of the same Code which provides that *"the beneficiaries of the civil action are the individuals, or their successors, and the legal entities that were affected directly by the punishable conduct…"* Finally and in agreement with what I mentioned before, article 22 of the Penal Procedure Code establishes the principle of restitution of rights. In cases where the award of damages are governed by the principle of full redress, the Constitutional Court in Judgment C-197 of May 20, 1993 has ruled that "the reimbursement of the damages must bear a direct correspondence to the magnitude of the damage caused" or, in the words of the Council of State, "the reimbursement of damages must indemnify the person, that is, as if the damage had not occurred, or at least in the closest condition possible which existed before the damage occurred." Council of State, Administrative Hearing Division, Third Section, September 6, 2001 exp. 12 474 M.P Dr. Jesús María Carrillo Ballesteros. This limits full redress of damages and such limits can not be surpassed.

I state, under penalty of perjury, that in accordance with the laws of the United States of America, the preceding Declaration is truthful and in accordance with reality.  Written and executed in Bogota, Colombia, this 10th day of September, 2010.


[Signature]

_____
FRANCISCO OSTAU DE LAFONT DE LEON

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
DISTRITO NORTE DE ALABAMA
. DIVISIÓN OCCIDENTAL**

CLAUDIA BALCERO GIRALDO, y otros.                )
                                                 )     Caso No. 7:09-cv-1041-RDP
      Demandantes,                                 )
                                                 )
v.                                               )
                                                 )
                                                 )
Drummond Company, Inc.;                          )
Drummond Ltd; Augusto Jiménez;                   )
Alfredo Araújo; y James Adkins,                  )
                                                 )
      Demandados.                                  )
                                                 )

## DECLARACIÓN DE FRANCISCO RAFAEL OSTAU DE LAFONT DE LEON

1. Mi nombre es Francisco Rafael Ostau De Lafont De León, soy colombiano, tengo 61 años de edad y actualmente resido en la ciudad de Bogotá.

2. He ejercido el Derecho en Colombia desde el 1978 a través del libre ejercicio en práctica pública, privada y como Docente e Investigador de la Universidad Libre y Externado. Soy PhD en Derecho y en Sociología Jurídica de la Universidad de la Universidad Externado de Colombia de Bogotá.

3. Realizo la presente Declaración en mi calidad de abogado con conocimiento y experiencia en Derecho Colombiano y en el ámbito del tema que me ha sido consultado.

4. Para la preparación de esta Declaración he revisado una copia de la Segunda Enmienda a la Demanda en este caso.

5. He sido consultado por parte de los abogados de los demandantes acerca de la forma de distribución de la indemnización de daños por muerte por negligencia y sobre quiénes son los titulares de dicha indemnización bajo el Derecho Colombiano.

6. Bajo la legislación civil colombiana para que una persona pueda demandar indemnización por daños necesita tener capacidad legal.[1] En consecuencia, cualquier

---

[1]    La Corte Constitucional Colombiana en la Sentencia C- 983 de 2002 delimita el alcance de la capacidad así

persona que tenga el derecho a demandar indemnización por daños, puedo o no actuar a través de un representante legal o través de un representante designado por el juez en los casos contemplados en la ley. La intervención del representante, no impide que la persona con el derecho de acción y de demandar la indemnización ejerza sus derechos directa y personalmente.

7. Bajo la Ley Colombiana una persona puede representarse a si misma siempre y cuando sea legalmente capaz siguiendo las condiciones de los artículos 1503 y 1504 del Código Civil. En ciertos casos la existencia del representante legal es necesaria o imperativa, tal como ocurre en los casos de las personas sujetas a amparos legales como la tutela y la curatela debido a su situación de incapacidad general o particular.[2]

8. Las personas que representan legalmente a otros que son legalmente incapaces y tienen limitaciones permanentes o transitorias, están definidas en los artículos 428, 430, 431 y 432 del Código Civil, y sus atribuciones han sido descritas en la jurisprudencia de la Corte Constitucional en aras de proteger los derechos de personas incapaces. En consecuencia, aquellas personas que de acuerdo a la ley carecen de capacidad general o particular, según sea el caso requieren de la participación de un representante legal o curador.

9. Para el caso específico de la persona que fallece y deja esposa e hijos o compañera permanente e hijos, cada uno de ellos puede recibir la compensación legal directamente a menos de que designen un albacea o representante judicial de la sucesión voluntariamente si son mayores de 18 años (artículo 306 del Código Civil). En el evento en que sean menores de edad, la representación judicial estará a cargo de cualquiera de los padres, (artículo 288 del Código Civil) y si sobrevive uno solo estará a cargo de este (artículos 306 y 307 del Código Civil). Si muere uno de los padres, el que sobreviva estará a cargo

---

diciendo que "La primera de ellas consiste en la aptitud general que tiene toda persona natural o jurídica para ser sujeto de derechos y obligaciones, y es, sin duda alguna, el atributo esencial de la personalidad jurídica. La capacidad de ejercicio o capacidad legal, por su parte, consiste en la habilidad que la ley le reconoce a aquélla para poderse obligar por sí misma, sin la intervención o autorización de otra. Implica, entonces, el poder realizar negocios jurídicos e intervenir en el comercio jurídico, sin que para ello requiera acudir a otro.

[2] De acuerdo a la Corte Constitucional (Sentencia C-983 de 2002), *son incapaces absolutos los dementes, los impúberes y los sordomudos que no puedan darse a entender por escrito y sus actos son sancionados con nulidad absoluta; mientras que son incapaces relativos los menores adultos y los disipadores que se hallen en interdicción judicial, toda vez que sus actos pueden tener valor en ciertas circunstancias y bajo ciertos respectos determinados por la ley. Esta incapacidad da lugar a una nulidad relativa con los consiguientes efectos de la misma.*

de todos los gastos de crianza, educación y establecimiento de los hijos, de acuerdo al artículo 258 del Código Civil, en concordancia con el 411 de la misma norma. En este caso recibirá la indemnización para asumir los gastos del hijo que deberá cuidar hasta que cumpla la mayoría de edad o termine sus estudios superiores.

10. Los derechos sucesorios están reglados, en el libro tercero del Código Civil que trata de la sucesión por causa de muerte. En el titulo II de este libro, se encuentran las reglas relativas a la sucesión intestada. A partir del artículo 1037 y subsiguientes se determinan los diferentes órdenes hereditarios o sucesorio. De acuerdo al Derecho Colombiano este orden es el siguiente: El primer orden, los hijos: los hijos  legítimos, adoptivos y extramatrimoniales que excluyen a todos los otros herederos y recibirán entre ellos iguales cuotas, sin perjuicio de la porción conyugal; en el segundo orden, los ascendientes de grado más próximo: si el difunto no deja posteridad, le sucederán sus ascendientes de grado más próximo, sus padres adoptantes y su cónyuge; en el tercer orden, hermanos y cónyuge: si el difunto no deja descendientes ni ascendientes, ni hijos adoptivos, ni padres adoptantes, le sucederán sus hermanos y su cónyuge; en el cuarto orden, hijos de hermanos: a falta de descendientes, ascendientes, hijos adoptivos, padres adoptantes, hermanos y cónyuge, suceden al difunto los hijos de sus hermanos y finalmente en el quinto orden, y a falta de las personas mencionadas en los ordenes anteriores, el Instituto Colombiano de Bienestar Familiar.

11. Sin perjuicio del orden de sucesión, cuando se trata de un daño producto de un hecho delictivo,  por ejemplo un homicidio,. en la forma en la que ha sido alegado en este caso ante la corte, la situación es distinta por cuanto la ley Colombiana se enfoca en la indemnización a la víctima y/o los miembros de su familia; en estos cases surge la necesidad de indemnizar o reparar el daño causado, sin consideración al parentesco o a las reglas de la sucesión. Este ha sido el criterio del Gobierno Colombiano el cual en el caso de la Masacre de Mapiripán vs. Colombia ante la Corte Interamericana de Derechos Humanos ha admitido que la reparación por los daños podría hacerse incluso con respecto de victimas no identificadas, siempre y cuando *"se ordene que para efectos de recibir el pago acrediten ante las respectivas autoridades internas prueba "fehaciente de su vínculo con la víctima para recibir el pago de la indemnización correspondiente."*[3]

---

Corte IDH. Caso de la Masacre de Mapiripán vs. Colombia. Fondo, Reparaciones y Costas. Sentencia de 15

12. Esta reparación que se hace directamente a los familiares de la víctima, y se origina de acuerdo a lo dispuesto por el artículo 1494 del Código Civil de forma extracontractual, es decir, sin que medie. contrato o convención alguno. Es decir, se produce por la sola existencia de un delito o cuasidelito el cual obliga al agresor o a sus agentes a reparar a su víctima por el daño causado. El citado artículo dice lo siguiente: *"Las obligaciones nacen, ya del concurso real de las voluntades de dos o más personas, como en los contratos o convenciones; ya de un hecho voluntario de la persona que se obliga, como en la aceptación de una herencia o legado y en todos los cuasicontratos; ya a consecuencia de un hecho que ha inferido injuria o daño a otra persona, como en los delitos; ya por disposición de la ley, como entre los padres y los hijos de familia."* De igual manera y en concordancia con el artículo 1494 del Código Civil, el artículo 94 del Código Penal establece sobre la reparación del daño, que *"la conducta punible origina la obligación de reparar los daños materiales y morales causados con ocasión de aquella."* Complementan esta norma el artículo 95 del mismo Código que señala a los titulares de la acción civil, *"las personas naturales, o sus sucesores, las personas jurídicas perjudicadas directamente por la conducta punible..."* Finalmente, en concordancia con lo señalado en líneas anteriores, el artículo 22 del Código de Procedimiento penal establece el principio de restablecimiento del derecho. En los casos en los cuales la reparación de un daño es regido por el principio de reparación integral, la Corte Constitucional en sentencia C-197 del 20 de mayo de 1993 ha sostenido que: *"El resarcimiento del perjuicio, debe guardar correspondencia directa con la magnitud del daño causado"* o en palabras del Consejo de Estado *"La reparación del daño debe dejar indemne a la persona, esto es, como si el daño no hubiera ocurrido, o al menos, en la situación más próxima a la que existía antes de su evento"* C de E, Sala de lo Contencioso Administrativo, Sección Tercera, Septiembre 6 de 2001 exp. 12 474 M.P Dr. Jesús María Carrillo Ballesteros. Lo que a su vez limita la reparación integral solo a su magnitud y no puede superar este límite.

---

de septiembre de 2005. Serie C No. 134.

Declaro, bajo la pena de perjurio, de acuerdo con las leyes de Estados Unidos de América, que la Declaración que antecede es verdadera y conforme a la realidad. Dado y suscrito en Bogotá, Colombia hoy, 10 de Septiembre de 2010.

FRANCISCO OSTAU DELAFONT DE LEON