# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| CLAUDIA BALCERO GIRALDO, et al., | ) |
| | ) Case No. 7:09-cv-1041-RDP |
| Plaintiffs, | ) |
| | ) |
| v. | ) Unopposed |
| | ) |
| DRUMMOND COMPANY, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFFS' MOTION FOR ISSUANCE OF LETTERS ROGATORY TO TAKE TESTIMONY AND OBTAIN DOCUMENTS FROM THE SOURCES IDENTIFIED HEREIN

Pursuant to 28 U.S.C. § 1781, Federal Rule of Civil Procedure 28(b), and the Court's inherent authority, Plaintiffs respectfully request that the Court issue the accompanying letters rogatory seeking testimony from the following witnesses:

1. Oscar Jose Ospino Pacheco (alias "Tolemaida") (Ex. 1);
2. Alcides Manuel Mattos Tabares (alias "Samario") (Ex. 2);
3. Colonel Ricardo Lineros (Ex. 3);
4. Colonel Hernan Mejia Gutierrez (Ex. 4);
5. Colonel Luis Carlos Rodriguez (Ex. 5);
6. Libardo Duarte (aliases "Bam Bam," "Maicol," "Paisa") (Ex. 6);
7. Jhon Jairo Esquivel Cuadrado (alias "El Tigre") (Ex. 7);
8. Fabio Echeverri Correa (Ex. 8);
9. General Rafael Peña Rios (Ex. 9);
10. Jaime Blanco Maya (Ex. 10);
11. Jairo Jesus Charris Castro (alias "Miguel" or "Viejo Migue") (Ex. 11);
12. Reynaldo Franco (Ex. 12);
13. José Gelvez Albarracín (alias "el Conoso") (Ex. 13); and
14. Wilson Alejandro Tavera Caicedo (Ex. 14).

Plaintiffs further request that the Court issue the accompanying letter rogatory seeking documents from the Republic of Colombia (Ex. 15). Specifically, Plaintiffs seek documents from the Unidad de Justicia y Paz de la Fiscalía General de la Nación (Elba Beatriz Silva, person in charge), including documents and testimony transcripts by or relating to the individuals listed in the accompanying letter rogatory, among other documents concerning Plaintiffs' allegations that Defendants maintained a relationship with the United Self-Defense Forces of Colombia ("AUC"), their alleged involvement in the assassination of union leaders in Colombia, and the decedents listed in Plaintiffs' Second Amended Complaint (Doc. 55) ("SAC") and the proposed Third Amended Complaint.

Plaintiffs' counsel conferred with Defendants regarding this request to issue letters rogatory. The parties consent to the issuance of the letters rogatory requested by each other, but reserve the right to object to the form of the requests after reviewing them, and reserve the right to object to the admissibility of the resulting testimony of any particular witness.

## **PRELIMINARY STATEMENT**

In the SAC, Plaintiffs allege that their family members were murdered by members of the Juan Andres Alvarez Front of the AUC in furtherance of its alleged agreement with Defendants Drummond Company, Inc. and Drummond, Ltd. to provide security, pacify the area, and otherwise ensure that the civilian

population in and around the Drummond mine and its railroad line in Colombia would not in any way provide support or cooperation to leftist rebels.

Plaintiffs believe all the witnesses Plaintiffs seek oral testimony from have knowledge of Defendants' alleged relationship with the AUC and involvement in the assassination of union leaders in Colombia. Certain witnesses, such as Tolemaida, Samario, El Tigre, and Miguel, among others, are "demobilized" members of the AUC. Accordingly, Plaintiffs believe testimony from all witnesses will provide evidence relevant to this action. In addition, the Unidad de Justicia y Paz de la Fiscalía General de la Nación has been closely involved in investigations into the atrocities committed by the AUC throughout Colombia, including in the area around the Drummond mine and railroad line. Accordingly, Plaintiffs believe that documents in the possession of the Unidad de Justicia y Paz de la Fiscalía General de la Nación will be a source of evidence relevant to this action.

Because all witnesses are in Colombia and cannot be served with Rule 45 subpoenas, and because the Unidad de Justicia y Paz de la Fiscalía General de la Nación is a Colombian government entity and cannot be served with a Rule 45 subpoena, Plaintiffs cannot seek non-party discovery from these sources under the

normal discovery rules.[1]  The Court, however, has the authority to issue letters rogatory, which allow discovery from parties in foreign countries.

Accordingly, Plaintiffs respectfully request that the Court issue the accompanying proposed letters rogatory in accordance with the procedures set out herein.  As explained below, Plaintiffs' counsel will deliver the signed and sealed letters rogatory, along with the court's order, to the United States Department of State, which will in turn forward the letters rogatory to the Appropriate Judicial Authority in the Republic of Colombia so that testimony may be taken from the witnesses identified herein and documents may be obtained from the Unidad de Justicia y Paz de la Fiscalía General de la Nación.

## ARGUMENT

### A. The Accompanying Letters Rogatory Should Be Issued Promptly Under the Applicable Law.

Letters rogatory serve a variety of purposes.  In addition to service of process, *see generally* Pls' Mot. for Issuance of Letters of Rogatory For Service of

---

[1] With respect to all demobilized AUC members who are incarcerated, and who have agreed to give deposition testimony on a voluntary basis, Plaintiffs are pursuing on a parallel basis a process to get permission from the prison officials for counsel for the parties herein to take these depositions in the prisons where the witnesses currently reside. Plaintiffs seek issuance of letters rogatory for these witnesses as well in the event that Colombia officials do not permit the voluntary depositions to be taken in the prisons.  The parties are concluding the meet and confer process concerning these voluntary depositions and in the event the issues cannot be resolved, Plaintiffs will seek court intervention. Defendants have notified Plaintiffs of their intention to preserve their right to raise arguments and objections in case court intervention is necessary.

Foreign Defs (Doc. No. 58), letters rogatory are used for gathering evidence abroad. *See* 22 C.F.R. § 92.54 ("In its broader sense in international practice, the term letters rogatory denotes a formal request from a court in which an action is pending, to a foreign court to perform some judicial act. Examples are requests for the taking of evidence, the serving of a summons, subpoena, or other legal notice, or the execution of a civil judgment. In United States usage, letters rogatory have been commonly utilized only for the purpose of obtaining evidence."); *see also Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 n.1 (2004) (defining letter rogatory as "the request by a domestic court to a foreign court to take evidence from a certain witness") (citations omitted).

Letters rogatory may be issued pursuant to the inherent authority of the court. *See United States v. Reagan*, 453 F.2d 165, 172 (6th Cir. 1971). Indeed, even where a treaty provides procedures for obtaining evidence abroad, letters rogatory may still be issued pursuant to the court's inherent authority. *See Société Nationale Industrielle Aérospatiale v. U.S. Dist. Ct. for the S.D. Ia.*, 482 U.S. 522, 536 (1987) (holding that the Hague Evidence Convention "was intended as a permissive supplement, not a pre-emptive replacement, for other means of obtaining evidence located abroad").

The court's inherent authority to issue letters rogatory is bolstered by statute and by the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1781(a) ("The

Department of State has power, directly, or through suitable channels . . . to receive a letter rogatory issued, or request made, by a tribunal in the United States, to transmit it to the foreign or international tribunal, officer, or agency to whom it is addressed, and to receive and return it after execution."); Fed. R. Civ. P. 28(b)(1) ("A deposition may be taken in a foreign country . . . under a letter of request, whether or not captioned a 'letter rogatory'". . .); *see also* 28 U.S.C. § 1781(b)(2) (allowing "the transmittal of a letter rogatory or request directly from a tribunal in the United States to the foreign or international tribunal, officer, or agency to whom it is addressed and its return in the same manner").

When a party requests the issuance of a letter rogatory, it should be issued without qualification, unless the opposing party can show "good reason" why such a request should not issue. *Zassenhaus v. Evening Star Newspaper Co.*, 404 F.2d 1361, 1364 (D.C. Cir. 1968); *see also* Fed. R. Civ. P. 28(b)(2) ("A letter of request, a commission, or both may be issued . . . without a showing that taking the deposition in another manner is impracticable or inconvenient."). A court should "not weigh the evidence that is to be adduced by deposition" nor "attempt to predict, whether, in fact, the witnesses will be able to give the testimony which is sought." *B&L Drilling Elecs. v. Totco*, 87 F.R.D. 543, 545 (W.D. Okla. 1978).

**B. The Court Should Issue these Letters Rogatory, which Seek Highly Relevant Information to this Case.**

Plaintiffs believe that all the witnesses have knowledge of key facts alleged in the SAC, particularly concerning the alleged activities of the AUC in the area around the Drummond mine and railroad line, Drummond's alleged involvement in the killing of union leaders, and alleged support of the AUC's efforts in killing the union members, eradicating the union, and forcibly and violently displacing individuals around Drummond's property in Colombia. As examples only of the kind of testimony Plaintiffs expect from the witnesses, Tolemaida was the commander of the Juan Andres Alvarez Front of the AUC. (SAC ¶ 179). Plaintiffs allege that in November 2000, he met with James Adkins and Alfredo Araujo, a meeting which resulted in approval for the AUC to assassinate Drummond union leaders. (*Id.* ¶ 211). Tolemaida was put in charge of the assassination operation. (*Id.*) Further, Plaintiffs allege that in May 2001, Tolemaida again met with Adkins and Araujo, and the discussion this time involved the now successful assassinations of two Drummond union leaders. (*Id.* ¶ 213).

Plaintiffs allege that Samario was Tolemaida's chief of security, (*id.* ¶ 179), and in this role he was in charge of executions. (*Id.* ¶ 184). Plaintiffs allege Samario participated in the murder of the Drummond union leaders. (*Id.* ¶ 211).

In addition, Plaintiffs allege that he has stated that Drummond's financial support was integral to the Juan Andres Alvarez Front's growth and success.  (*Id.* ¶¶ 217-18).

Plaintiffs believe that all witnesses whom they seek to question have similar knowledge concerning Drummond's alleged involvement in the assassination of the union leaders.  Plaintiffs believe the questions they seek to pose to the witnesses, as listed in the accompanying proposed letters rogatory, further demonstrate that all witnesses have knowledge relevant to Plaintiffs' claims.

In addition, the Unidad de Justicia y Paz de la Fiscalía General de la Nación of the Republic of Colombia has been involved in investigations into the activities of the AUC in the area around the Drummond mine and railroad line. Documents from those investigations will be a source of evidence relevant to this action. For example, Plaintiffs' expect that the letter rogatory will yield testimony and documents from and about former AUC members concerning Plaintiffs' allegations that Defendants maintained a relationship with the AUC and their alleged involvement in the assassination of union leaders in Colombia.

The letters rogatory sought are the only means available to Plaintiffs for compelling the witnesses to provide testimony and compelling the Unidad de Justicia y Paz de la Fiscalía General de la Nación to turn over those documents. Moreover, there is no "good reason" why the letters rogatory should not be issued.

*See Zassenhaus*, 404 F.2d at 1364; *see also* Fed. R. Civ. P. 28(b)(2) ("A letter of request . . . may be issued . . . without a showing that taking the deposition in another manner is impracticable or inconvenient."). As noted, Plaintiffs' counsel conferred with Defendants' counsel regarding this request to issue letters rogatory. The parties consent to the issuance of the letters rogatory requested by each other, but reserve the right to object to the form of the requests after reviewing them, and reserve the right to object to the admissibility of the resulting testimony of any particular witness. Under these circumstances, there is no reason to deny Plaintiffs' request for the issuance of the accompanying letters rogatory.

### C. The Procedure Outlined Applies to Issuing the Letters Rogatory.

Plaintiffs request that the Court issue the letters rogatory pursuant to its inherent authority and utilize the procedures set forth by the U.S. Department of State to maximize the chances of obtaining discovery.[2] Those procedures are as follows:

(1) This Court signs the letters rogatory for all witnesses and for the Unidad de Justicia y Paz de la Fiscalía General de la Nación, and instructs the Clerk of the Court to attach a judicial seal to the letters rogatory for all witnesses and for the

---

[2] *See* Bureau of Consular Affairs, U.S. Department of State, *Preparation of Letters Rogatory*, *available at*: http://travel.state.gov/law/judicial/judicial_683.html (last visited Mar. 1, 2011).

Unidad de Justicia y Paz de la Fiscalía General de la Nación (attached hereto as Exhibits 1 through 15); and

(2) The Clerk of the Court returns the signed and sealed letters rogatory to counsel for Plaintiffs so that Plaintiffs' counsel may deliver the letters rogatory to the U.S. Department of State (along with Spanish translations of the letters rogatory and English and Spanish versions of the Court's Order granting the present motion), and the Department of State will in turn authenticate the documents and ultimately forward them to the Appropriate Judicial Authority of the Republic of Colombia to be executed.

## **CONCLUSION**

For the reasons stated herein, Plaintiffs respectfully request that the Court: (1) grant Plaintiffs' motion for the issuance of the accompanying letters rogatory; (2) issue the accompanying Order; and (3) follow the procedures for issuing the letters rogatory as set out in Section C above.

Respectfully submitted on this 14th day of March, 2011 by:

By /s/ Terrence Collingsworth
Terrence P. Collingsworth
tc@conradscherer.com
Conrad & Scherer, LLP
1156 15th Street, NW
Washington, DC 20005
202-543-4001

Garve W. Ivey, Jr.
garve@iveylawyers.com
The Ivey Law Firm
315 West 19th Street
Jasper, AL 35502-1349
205-221-4644

*Attorneys for Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2011, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of the filing to the following:

William Anthony Davis, III
tdavis@starneslaw.com
H. Thomas Wells, III
twells@starneslaw.com
Philip G. Piggott
ppiggott@starneslaw.com
STARNES DAVIS FLORIE LLP
PO Box 598512
Birmingham , AL 35259-8512
205-868-6000

William H. Jeffress, Jr.
william.jeffress@bakerbotts.com
David A. Super
david.super@bakerbotts.com
Rachel B Cochran
rachel.cochran@bakerbotts.com
Sara E Kropf
sara.kropf@bakerbotts.com
Sheila J. Kadagathur
sheila.kadagathur@bakerbotts.com
BAKER BOTTS LLP
1299 Pennsylvania Avenue, NW
Washington , DC 20004-2400
202-639-7700

John W Clark, IV
jclark@bainbridgemims.com
Bruce F Rogers
brogers@bainbridgemims.com
BAINBRIDGE MIMS ROGERS &
SMITH LLP
The Luckie Building
600 Luckie Drive, Suite 415
PO Box 530886
Birmingham, AL 35253
205-879-1100

Laina Lopez
lcl@bcr-dc.com
Thomas Edward Wilson
twilson@bcr-dc.com
BERLINER CORCORAN & ROWE LLP
1101 17th Street Nw, Suite 1100
Washington, DC 20036
202-293-5555

/s/ Terrence Collingsworth
_____
Terrence P. Collingsworth