# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **Claudia Balcero Giraldo,** *et al.*,     ) | |
| ) | |
| Plaintiffs,     ) | |
| ) | |
| v.     ) | Case No. 2:09-cv-1041-RDP |
| ) | |
| **Drummond Company, Inc.;** *et al.*     ) | **UNOPPOSED** |
| ) | |
| ) | |
| Defendants.     ) | |

## DRUMMOND DEFENDANTS' MOTION FOR ISSUANCE OF LETTERS ROGATORY TO TAKE TESTIMONY AND OBTAIN DOCUMENTS FROM THE SOURCES IDENTIFIED HEREIN

Pursuant to 28 U.S.C. § 1781, Federal Rules of Civil Procedure 28(b) and 4(f)(2)(b), 28 U.S.C. § 1651, and the Court's inherent authority, Drummond Company, Inc. and Drummond Ltd. (the "Drummond Defendants") respectfully request that the Court issue the accompanying letters rogatory described below.

The Drummond Defendants seek testimony from the following witnesses:

1. Javier Ernesto Ochoa - Quinoñez.

2. Oscar Jose Ospino Pacheco ("Tolemaida").

3. Guillermo Sanchez Quintero.

4. Oscar David Perez Bertel.

     5. Jaime Blanco Maya.

The Drummond Defendants seek documents from the following entities:

     1. From the National Institute of Prisons, the Drummond Defendants seek the records of who visited each prisoner and the date(s) of such visit(s), for

     (i) Hendrik van Bilderbeek (for the period January 1, 2006, through the present).

     (ii) Rafael Garcia (for the period January 1, 2006, through the date of his release)

     (iii) Jhon Jairo Esquivel Cuadrado ("El Tigre") (for the period January 1, 2009, through the present).

     (iv) Alcides Manuel Mattos Tabares ("Samario") (for the period January 1, 2009, through the present)

     (v) Jairo Jesus Charris Castro (for the period January 1, 2009, through the present)

     (vi) Libardo Duarte (aliases "Bam Bam," "Maicol," "Paisa") (for the period September 1, 2010, through the present)

     2. From the DAS and Fiscalia General de la Nación, the Drummond Defendants seek files relating to decedents alleged in the Second Amended Complaint (ECF No. 55) ("SAC") and additional decedents in their proposed Third Amended Complaint (ECF No. 129.1).

3.  From Unidad de Justicia y Paz de la Fiscalía General de la Nación (Elba Beatriz Silva, person in charge), the Drummond Defendants seek the testimony that the following five witnesses gave as part of the Justice and Peace proceedings: Jhon Jairo Esquivel Cuadrado ("El Tigre"), Alcides Manuel Mattos Tabares ("Samario"), Jairo Jesus Charris Castro; Libardo Duarte ("Bam Bam"); and Rodrigo Tovar Pupo ("Jorge 40").  Plaintiffs have relied on alleged statements by these witnesses in drafting the allegations in the SAC.

The parties' counsel have conferred regarding their respective requests to issue letters rogatory.  The parties consent to the issuance of the letters rogatory requested by each other, but reserve the right to object to the form of the requests after reviewing them, and reserve the right to object to the admissibility of the resulting testimony of any particular witness.

## PRELIMINARY STATEMENT

In the SAC, Plaintiffs allege that the Drummond Defendants made payments to Colombian paramilitaries (the Autodefensas Unidas De Colombia or "AUC") to use violence against civilians who lived in the vicinity of Drummond's rail line. Specifically, Plaintiffs assert that the alleged payments were made to the Juan Andres Alvarez Front of the AUC to kill over 100 civilians because the Drummond Defendants allegedly wanted to stop the civilians from supporting the guerillas (the Fuerzas Armadas Revolucionarias de Colombia or "FARC").

The Drummond Defendants have denied Plaintiffs' allegations in the SAC. The Drummond Defendants believe that the witnesses they seek to depose, including former members of the AUC, have made statements to the media and Colombian law enforcement authorities contradicting purported statements by other witnesses in the case. In addition, the Drummond Defendants seek documents, described further below, that they believe are necessary to establish the truth in this matter.

Because all the requested witnesses and documents are in Colombia and cannot be reached through Rule 45 subpoenas, the Drummond Defendants cannot seek the requested non-party discovery under the normal discovery rules. The Court, however, has the authority to issue letters rogatory, which allow discovery from parties in foreign countries.

Accordingly, the Drummond Defendants request that the Court issue the accompanying proposed letters rogatory in accordance with the procedures set out herein. As explained, counsel for the parties will deliver the signed and sealed letters rogatory, along with other court filings, to the United States Department of State, which will in turn request judicial assistance for service from the Appropriate Judicial Authority in the Republic of Colombia so that testimony may be taken, and documents may be obtained, from the sources identified herein.

## ARGUMENT

### A. The Accompanying Letters Rogatory Are Appropriate And Should Be Issued Promptly Under the Applicable Law.

The Drummond Defendants respectfully request that the Court issue the proposed letters rogatory and appendices, because the proposed witnesses and entities from whom the Drummond Defendants seek evidence are located in Colombia and are therefore not subject to this Court's subpoena power. (Letters Rogatory and Appendices attached hereto as Exhibits 1 through 9). "[A] *letter rogatory* is the request by a domestic court to a foreign court to take evidence from a certain witness." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 n.1 (2004) (internal citations omitted). "It is settled that courts have inherent authority to issue letters rogatory." *DBMS Consultants, Ltd. v. Computer Assocs. Intern Inc.*, 131 F.R.D. 367, 369 (D. Mass. 1990) (citing *United States v. Reagan*, 453 F.2d 165, 172 (6th Cir. 1971) *cert. denied*, 406 U.S. 946 (1972)). The letters rogatory process is the appropriate method for obtaining evidence in Colombia. *See* U.S. Dept. of State, "Inter-American Service Convention and Additional Protocol," *http://travel.state.gov/law/judicial/judicial_5219.html* (stating "The United States made a reservation pursuant to the Convention excluding its application to requests to obtain evidence" and explaining that the letters rogatory

5

process should be used for obtaining evidence when no treaty or convention is in effect).[1]

A request for a letter rogatory should only be denied if there is a "good reason" to do so. *DBMS Consultants, Ltd.*, 131 F.R.D. at 369 ("Courts and commentators take the position that some good reason must be shown by the opposing party for a court to deny an application for a letter rogatory"), *citing Zassenhaus*, 404 F.2d at 1364. A court should "not weigh the evidence that is to be adduced by deposition" nor "attempt to predict, whether, in fact, the witnesses will be able to give the testimony which is sought." *B&L Drilling Elecs. v. Totco*, 87 F.R.D. 543, 545 (W.D. Okla. 1978).

**B.    The Drummond Defendants Request That The Court Issue The Attached Letters Rogatory, Which Seeks Information Relevant To This Case.**

The Drummond Defendants believe that the witnesses they seek to depose have knowledge that is relevant to this case. The Drummond Defendants believe that witnesses Yuca, Tolemaida, Sanchez and Ochoa, former members of the AUC, have previously provided statements to the media or the Colombian prosecutor that are relevant to the allegations in this case, including information contradicting

---

[1] Letters rogatory can be used to obtain documents or witness testimony. *See, e.g., Zassenhaus v. Evening Star Newspaper Co.*, 404 F.2d 1361, 1364 (D.C. Cir. 1968) (reversing denial of issuance of letter rogatory requesting an oral deposition); *In re Grand Jury 81-2*, 550 F. Supp. 24, 29 (W.D. Mich. 1982) (recognizing the letters rogatory process as appropriate for obtaining documents in a foreign country).

6

purported statements by other witnesses in the case and information regarding the lack of any relationship between Drummond and the AUC.

The Drummond Defendants further believe that Jaime Blanco Maya, from whom Defendants seek a response to written questions, has information rebutting Plaintiffs' allegations concerning an alleged relationship between Drummond and the AUC.

In addition, the Drummond Defendants seek documents they believe are directly relevant to this matter, including (i) files related to the decedents included in the SAC to determine whether there is any evidence showing that any of the decedents were members of the Revolutionary Armed Forces of Colombia (the "FARC"), the entity engaged in the conflict with the AUC; (ii) information related to contacts between counsel for the Plaintiffs and several potential witnesses who are currently in prison in order to determine whether these witnesses are biased against Defendants; and (iii) transcripts of the testimony that certain witnesses gave as part of the Justice and Peace proceedings.

The letters rogatory process is the appropriate process for compelling the witnesses and entities in Colombia to provide evidence. *See* U.S. Dept. of State, Preparation of Letters Rogatory, *http://travel.state.gov/law/judicial/judicial_683.html* (citing Federal Rule of Civil Procedure 28(b), 4(f)(2)(B) and 28 U.S.C. § 1651). Moreover, there is no "good reason" why the letters rogatory

should not be issued, particularly since they are unopposed. *See DBMS Consultants, Ltd.*, 131 F.R.D. at 369 (citing *Zassenhaus*, 404 F.2d at 1364); *see also* Fed. R. Civ. P. 28(b)(2) ("A letter of request . . . may be issued . . . without a showing that taking the deposition in another manner is impracticable or inconvenient."). As noted, the parties consent to the issuance of the letters rogatory requested by each other, but reserve the right to object to the form of the requests after reviewing them, and reserve the right to object to the admissibility of the resulting testimony of any particular witness. Under these circumstances, there is no reason to deny the parties' respective requests for the issuance of the accompanying letters rogatory.

### C.     The Procedure Outlined Applies To Issuing The Letters Rogatory.

The Drummond Defendants request that the Court issue the letters rogatory pursuant to its inherent authority and utilize the procedures set forth by the U.S. Department of State to maximize the chances of obtaining discovery. Those procedures are as follow:

(1) This Court signs the letters rogatory for all witnesses and all entities in both English and Spanish, and instructs the Clerk of the Court to attach a judicial seal to the letters rogatory for all witnesses and entities. The Drummond Defendants' letters rogatory are attached hereto as Exhibits 1 to 9. Each exhibit

contains the same document in English and Spanish. Both versions should be signed and sealed.

(2) The Clerk of the Court returns the signed and sealed letters rogatory to counsel for the Drummond Defendants so that counsel may deliver the letters rogatory to the U.S. Department of State (along with other court filings, including the operative Complaint and the Court's Order granting the present motion), and the Department of State will in turn forward them under formal diplomatic request through United States Consular Representation in Colombia to the Appropriate Judicial Authority of the Republic of Colombia to be executed.

## **CONCLUSION**

For the foregoing reasons, the Drummond Defendants respectfully request that the Court: (1) grant their motion for issuance of the accompanying letters rogatory; (2) issue the accompanying Order; and (3) follow the procedures for issuing the letters rogatory as set out in Section C above.

Dated: March 14, 2011                                    Respectfully submitted,

| | |
|---|---|
| /s/  William H. Jeffress, Jr. | /s/  William A. Davis |
| William H. Jeffress, Jr. | William A. Davis (ASB-5657-D65W) |
| David A. Super | Phillip G. Piggott (ASB-4379-P67P) |
| Sara E. Kropf | H. Thomas Wells, III (ASB-4318-H62W) |
| Rachel Cochran | Starnes Davis Florie L.L.P. |
| Baker Botts L.L.P. | PO Box 59812 |
| 1299 Pennsylvania Avenue, NW | Birmingham, AL  35259 |
| Washington, DC  20004-2400 | (205) 868-6000 |
| (202) 639-7700 | |

*Attorneys for the Drummond Defendants*

CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Garve W. Ivey, Jr., Esq.<br>The Ivey Law Firm<br>315 West 19th Street<br>Jasper, AL   35502-1349<br><br>Terrence P. Collingsworth, Esq.<br>Natasha H. Thys, Esq.<br>Conrad & Scherer, LLP<br>731 8th Street, SE<br>Washington, DC   20003<br><br>William R. Scherer, Esq.<br>Christian A. Levesque, Esq.<br>Conrad & Scherer, LLP<br>633 South Federal Highway<br>Ft. Lauderdale, FL   33301 | Bruce F. Rogers, Esq.<br>John W. Clark IV, Esq.<br>Bainbridge, Mims, Rogers & Smith, LLP<br>The Luckie Building, Suite 415<br>600 Luckie Drive (35223)<br>Post Office Box 530886<br>Birmingham, Alabama 35253<br><br>Thomas E. Wilson, Esq.<br>Laina Lopez, Esq.<br>Berliner, Corcoran & Rowe, LLP<br>1101 Seventeenth Street, N.W.<br>Suite 1100<br>Washington, D.C. 20036<br><br>Peter J. Cambs, Esq.<br>Michael R. Hugo, Esq.<br>Gary P. Falkowitz, Esq.<br>Parker Waichman Alonso, LLP<br>3301 Bonita Beach Road, Suite 101<br>Bonita Springs, Florida 34134 |

/s/ William A. Davis, III
William A. Davis, III (ASB-5657-D65W)