# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **CLAUDIA BALCERO GIRALDO, et al.,** } } } | |
| **Plaintiffs,** } } | |
| } | **Case No.: 2:09-CV-1041-RDP** |
| v. } } | |
| **DRUMMOND COMPANY, INC., et al.,** } } } | |
| **Defendants.** } | |

## MEMORANDUM OPINION AND ORDER

The court has before it Plaintiffs' Motion to Amend Complaint and for Leave to File Third Amended Complaint (Doc. #213) filed on September 2, 2011. The Motion (Doc. #213) was filed along with the proposed Third Amended Complaint ("TAC") as Exhibit 1 and correspondence among the attorneys evidencing discussions about correcting minor errors which appeared in the second amended complaint as Exhibit 2. The Motion (Doc. #213) has been fully briefed (*see* Docs. # 213, 222, 227) and is now before the court for review.

**I.      Relevant Procedural History**

This case has unique procedural history. The original Report of Parties' Planning Meeting (Doc. #74) set a date of January 31, 2011 to "join additional parties and amend the pleadings." After much briefing on various motions to dismiss, the court entered an order requiring Plaintiffs to file an amended complaint within 30 days of January 6, 2011, so by February 7, 2011; that amended complaint was allowed *only* for the purpose of dismissing 357 Plaintiffs named in the second amended complaint who did not act as legal representatives of the decedents' estates. (*See* Docs.

#112, 113). Plaintiffs made no request to otherwise amend the complaint. However, on January 24, 2011, Plaintiffs filed a consent motion to coordinate the dates for filing the amended complaint as directed in the January 6, 2011 Order with the date to add additional parties. (*See* Doc. #121). That Motion (Doc. #121) was granted by text order on January 25, 2011. (*See* Doc. #122). Plaintiffs were granted until February 7, 2011 to file a third amended complaint which would add new parties and comply with the court's January 6, 2011 Order. (*See* Doc. #122).

On February 3, 2011, the Eleventh Circuit issued its decision in *Baloco v. Drummond Co.*, 631 F.3d 1350 (11th Cir. 2011), subsequently modified on May 20, 2011 with 640 F.3d 1338 (11th Cir. 2011). On February 4, 2011, Plaintiffs made an unopposed informal request for extension of time until February 23, 2011 to file an amended complaint or other responsive pleading, which was granted by text order. (*See* Doc. #124). On February 23, 2011 Plaintiffs filed a motion for reconsideration (Doc. #129) in light of the Eleventh Circuit's decision in *Baloco*. Plaintiffs sought reconsideration of the court's order dismissing 357 Plaintiffs in the second amended complaint, and sought to conform the pleadings with the *Baloco* decision. Because Defendants filed a petition for *en banc* review of the *Baloco* decision, the court stayed consideration of the reconsideration motion. (*See* Doc. #140). On July 5, 2011, the Eleventh Circuit denied the petition for *en banc* review. The court held a telephonic conference with the parties on August 23, 2011 during which Plaintiffs were directed to file their third amended complaint by September 2, 2011. (*See* Doc. #211 and minute entry of August 23, 2011). It is that amended complaint that is the subject of the pending motion (Doc. #213).

## II.     Standard of Review

Federal Rule of Civil Procedure 15 governs amended and supplemental pleadings.  Absent circumstances not relevant here,[1] a party may amend the pleadings only by leave of the court or by written consent of the adverse party.  *See* FED. R. CIV. P. 15(a)(2).  "The court should freely give leave when justice so requires."  FED. R. CIV. P. 15(a)(2).  "Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint."  *See Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005).  That is, "[u]nless a substantial reason exists to deny leave to amend, the discretion of the District Court is not broad enough to permit denial."  *Fla. Evergreen Foliage v. E.I. DuPont De Nemours and Co.*, 470 F.3d 1036, 1041 (11th Cir. 2006) (quotation marks omitted).

The court, however, need not allow an amendment that would be futile.  *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001).  Nor must a court allow an amendment where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed or where allowing the amendment would cause undue prejudice to the opposing party.  *See Halpin v. Crist*, 405 Fed. Appx. 403, 408-409 (11th Cir. 2010) (quoting *Corsello*, 428 F.3d at 1014); *see also Clarion Metals Corp. v. CRH North America, Inc.*, 2006 WL 2094681, No. 1:05-cv-809-WSD at *8 (N.D. Ga. July 26, 2006) (citing *Maynard v. Bd. of Regents of Div. of Univs.*, 342 F.3d 1281, 1287 (11th Cir. 2003) (holding that the district court did not abuse its discretion in denying a motion to amend filed on the last day of discovery because granting the

---

[1] "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served, or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed on the trial calendar, the party may so amend it at any time within 20 days after it is served."  FED. R. CIV. P. 15.

motion "would have produced more attempts at discovery, delayed disposition of the case, likely prejudice . . . [and] there seems to be no good reason why [the movant] could not have made the motion earlier")).

Prejudice to the defendant is the most frequent reason courts deny motions for leave to amend the complaint. *See* 6 Fed. Prac. & Pro. 2d § 1487. "Thus, the facts of each case must be examined to determine if the threat of prejudice is sufficient to justify denying leave to amend. In order to reach a decision on this point, the court will consider the position of both parties and the effect the request will have on them. This entails an inquiry into the hardship to the moving party if leave to amend is denied, the reasons for the moving party failing to include the material to be added to the original pleading, and the injustice resulting to the party opposing the motion should it be granted." *Id.*

**III.   Argument**

The amendment which Plaintiffs seek includes the following:

- To conform the complaint to the change in the law evidenced by *Baloco*. (*See* Doc. #213, ¶ 1).

- To add those Plaintiffs who were identified by Plaintiffs' prior effort to amend the complaint on February 23, 2011. (*See* Doc. #213, ¶ 2).

- To add 33 Plaintiffs on behalf of 10 new decedents, and to add 5 Plaintiffs on behalf of previously filed decedents. (*See* Doc. #213, ¶ 3).

- To add a new Defendant, Mike Tracy. (The addition of Mr. Tracy was part of Plaintiff's February 23, 2011 effort to amend the complaint). (*See* Doc. #213, ¶ 4).

- To add back to the complaint Defendant James Adkins, who was previously dismissed without prejudice based on lack of personal jurisdiction. (*See* Doc. #213, ¶ 5).

- To correct some minor errors relating to dates, place names, and other similar matters. (*See* Doc. #213, ¶ 6).

Defendants oppose the additions proposed by Paragraphs 3, 4, and 5 of the motion to amend the complaint. With respect to the addition of the 38 additional Plaintiffs, Defendants argue that the time for joinder has passed. (*See* Doc. #222 at 2). While technically that statement is true, and these Plaintiffs should have been mentioned in the February 23, 2011 filing, Defendants have made no showing that they would be prejudiced by the delay, especially in light of the fact that the February 23, 2011 amendment has yet to be filed. *See Bryant*, 252 F.3d 1161. Therefore, justice requires that leave be freely given to add the 38 additional Plaintiffs. *See* FED. R. CIV. P. 15(a)(2).

The same argument is made as to the reinstatement of James Adkins to the amended complaint – that the time has passed for his joinder. (*See* Doc. #222 at 2). Again, Defendants have made no showing of prejudice due to the delay, and the unique procedural posture of this case cannot be ignored. *See Bryant*, 252 F.3d 1161. Justice requires leave be freely given to reinstate James Adkins as a Defendant in this case. *See* FED. R. CIV. P. 15(a)(2).

Defendants' final argument is that Plaintiffs should not be permitted to add Mike Tracy as a Defendant because Plaintiffs represented to the court only that they would be adding new Plaintiffs with the amended complaint and no good cause has been shown for the late amendment of an additional Defendant. (*See* Doc. #222 at 2-3). Although Defendants contend that the addition of Mike Tracy at this stage of the proceedings would be prejudicial to all Defendants, they cite nothing to support that claim and add only that the allegations against Tracy are "demonstrably false." (Doc. #222 at 3). While that may prove to be the case, that is not an argument that is reviewable on the

current motion to amend. Justice requires leave be freely given to add Mike Tracy as a Defendant in this case. *See* FED. R. CIV. P. 15(a)(2).

**IV.     Conclusion**

For the foregoing reasons, Plaintiffs' Motion to Amend Complaint and for Leave to File Third Amended Complaint (Doc. #213) is **GRANTED**. Plaintiffs are **DIRECTED** to file the Third Amended Complaint **within two calendar days of the date of this order**.

**DONE** and **ORDERED** this     27th     day of September, 2011.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE