IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **Claudia Balcero Giraldo,** *et al.***,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | **Case No. 2:09-cv-1041-RDP** |
| ) | |
| **Drummond Company, Inc.,** *et al.***,** ) | |
| ) | |
| Defendants. ) | |

### DEFENDANTS' MOTION TO COMPEL INTERROGATORY RESPONSES

Pursuant to Federal Rule of Civil Procedure 37(a)(3), Defendants Drummond Company, Inc., Drummond Ltd. and Augusto Jimenez ("Defendants") move to compel Plaintiffs to respond to four interrogatories seeking the underlying facts regarding statements purportedly made by witnesses, including former paramilitaries, on which Plaintiffs have relied in making allegations in their Third Amended Complaint ("TAC").[1] As explained fully below, Plaintiffs are improperly withholding the requested information based upon (i) unfounded assertions of the attorney work product doctrine; and (ii) Plaintiffs' position that they need not disclose the identity of a confidential witness on whom they rely for specific allegations in the TAC.[2]

---

[1] The interrogatories at issue refer to allegations in Plaintiffs' Second Amended Complaint, because it was the operative pleading at the time the interrogatories were served. Because those allegations have now been carried over into the TAC, to avoid any confusion, this Motion refers to the same allegations in the TAC.

[2] Regarding the confidential witness issue, several months after Defendants raised the issue, counsel for Plaintiffs finally took the position three weeks ago that they *will* either provide the name of the confidential witness or withdraw the allegation attributable to that witness. If Plaintiffs actually do so, then this aspect of Defendants' Motion to Compel would be rendered moot. However, in light of the fact that (i) Defendants' request for this information has been pending for several months, (ii) Plaintiffs still have not provided the information and (iii) Plaintiffs have maintained their position that they have no *obligation* to do so, Defendants have

1

Neither position has any legal basis and Plaintiffs should be ordered to provide the requested information.  Defendants are not seeking any and all information obtained by Plaintiffs from witnesses in this case, but Defendants do seek and are entitled to discover information that Plaintiffs affirmatively rely upon in making allegations in the TAC.

Prior to filing this Motion, Defendants have engaged in substantial good faith efforts to resolve this dispute, including sending letters to counsel for Plaintiffs on January 10, February 24, and April 26, 2011, engaging in telephonic conferences on August 8 and September 1, 2011, and exchanging email communications on September 28 and October 4, 7 & 14, 2011.  Although some progress was made through those efforts, the parties have reached an impasse, thereby necessitating the Court's involvement on these key issues.

## I.   THE INTERROGATORY RESPONSES AT ISSUE

This Motion seeks to compel proper responses to the following interrogatories in Defendants' Second Set of Interrogatories ("Second Set") and Third Set of Interrogatories ("Third Set").

A.   Plaintiffs' Responses to Second Set of Interrogatories.

Response to Interrogatory No. 1:  Paragraphs 8 and 9 of the TAC refer to unnamed "AUC leaders" or "members" who are "now speaking freely" or "giving testimony and speaking to government and human rights lawyers" regarding their alleged "relationship" or "alliance[s]" with Defendants.  TAC ¶¶ 8-9 (Dkt. No. 233).  Interrogatory No. 1 requests, in part, that Plaintiffs identify those statements allegedly made by AUC leaders or members.  In their response, Plaintiffs refer to various AUC witnesses who have provided declarations that were

---

elected to include the confidential witness issue in this Motion.  If Plaintiffs provide the requested information, then Defendants will promptly notify the Court and withdraw this aspect of the Motion.

previously produced to Defendants in this case. However, Plaintiffs refuse to identify the purported factual statements of other AUC witnesses (including "Halcon," Jose Gelvez Albarracin ("El Canoso"), Wilson Alejandro Tavera Caicedo, and Rodrigo Tovar Pupo ("Jorge 40"), through his counsel) who Plaintiffs have identified as having responsive information. Ex. A at 4-7. Plaintiffs have taken the position that such "responsive information constitutes opinion attorney work product and is not discoverable." *Id.* at 6.

Response to Interrogatory No. 3: This Interrogatory asks, in part, that Plaintiffs identify each statement by "Jorge 40" that Plaintiffs rely upon in alleging in paragraph 184 of the TAC "that Drummond was one of the U.S. multinationals that provided substantial support to the AUC." Ex. A at 9. Plaintiffs' response states that Jorge 40 "has confirmed through his counsel, Joaquin Perez, that Drummond paid him and the AUC's Northern Block to execute the leaders of Drummond's union in Columbia." *Id.* The response further states that Plaintiffs learned of these alleged facts during a meeting in 2009 between Mr. Perez and counsel for Plaintiffs, Terry Collingsworth. *Id.* However, Plaintiffs further assert that "[t]he content of Mr. Collingsworth's interview and questioning constitute attorney work product." *Id.*

Response to Interrogatory No. 19: This Interrogatory asks Plaintiffs to identify each person having knowledge of the allegation in paragraph 257 of the TAC that "Drummond allowed its NAPA parts store to import the chemicals necessary to manufacture cocaine out of raw coca, and allowed its coal barges to transport cocaine from Colombia to the U.S." Ex. A at 25-26. Plaintiffs state that these allegations came from a "confidential informant," but Plaintiffs refuse to identify the informant, asserting that, "[s]hould Plaintiffs determine that they will use this informant as a witness at trial, and the informant agrees to reveal his identity, Plaintiffs will

provide that information. Until such time, the identity of the confidential informant is protected by the attorney work product doctrine." *Id.* at 26.

B.  Plaintiffs' Responses to Third Set of Interrogatories.

Response to Interrogatory No. 4: This Interrogatory asks Plaintiffs to describe anything of value offered or given by Plaintiffs or their representatives to any person disclosed in Plaintiffs' Rule 26 disclosures, any former paramilitary or any other potential witness. Ex. B at 6. Although Plaintiffs provided responsive information for certain witnesses they presumably plan to call at trial, they refuse to provide such information for any "potential witnesses" that they say they do not intend to call as a witness at trial, asserting that such information is protected as attorney work product. Ex. B at 6-7. Plaintiffs' assertions of privilege regarding such information only heightens Defendants' concern that such payments have, in fact, been offered or made. Plaintiffs have offered no explanation or support for their remarkable position that a party's payment or offer of payment to a witness is somehow privileged unless the party intends to call that witness to testify at trial.

## II.  ARGUMENT

A.  Plaintiffs' May Not Withhold Relevant Facts Under The Attorney Work Product Doctrine.

Plaintiffs' refusal, on work-product grounds, to produce the factual information requested by these six interrogatories is misplaced, since Plaintiffs affirmatively rely upon the requested information in making allegations in the TAC. It is fundamental that "*[u]nderlying facts* learned by the party or its representative are not protected by the work product privilege." *Doe v. Autauga Cnty. Bd. of Educ.*, No. 2:04-CV-1155-F, 2006 WL 1223831, at *2 (M.D. Ala. May 5, 2006) (emphasis added); *United States v. Pepper's Steel & Alloys, Inc.,* 132 F.R.D. 695, 697 (S.D. Fla. 1990) (quoting Wright & Miller, Fed. Prac. and Proc.: Civil § 2023) ("The courts have

4

consistently held that the work product concept furnishes no shield against discovery . . . of the facts that the adverse party's lawyer has learned, or the persons from whom he has learned such facts, or the existence or nonexistence of documents, even though the documents themselves may not be subject to discovery."); *accord United States v. Dean Foods Co.*, No. 10-CV-59, 2010 WL 3980185, at *2 (E.D. Wis. Oct. 8, 2010) ("[T]he work-product doctrine is intended to guard only against divulging the attorney's legal impressions and strategies. The doctrine cannot be used to protect the underlying facts found within work-product."). As one court explained, "[t]he work-product doctrine does not protect factual *information* from disclosure. Rather, it protects a party only from disclosing particular *documents* containing the information. To accommodate these principles, a party may propound interrogatories . . . to obtain the sought-after factual information." *Stern v. O'Quinn*, 253 F.R.D. 663, 687 (S.D. Fla. 2008). That is precisely what Defendants are doing here, seeking through interrogatories purely factual information underlying witness statements on which Plaintiffs rely in the TAC. *Cf. In re Potash Antitrust Litig.*, 161 F.R.D. 405, 409 & n.4 (D. Minn. 1995) (recognizing "the superiority of Interrogatories in effectively ferreting out information that could be ascertained by the more invasive and costly means of a deposition — at least as a classic instrument of first-wave discovery" (citations omitted)).

Thus, in response to Interrogatory No. 1 (Second Set), Plaintiffs have no basis to refuse to identify the responsive statements of AUC witnesses Halcon, El Canoso, Tavera, Jorge 40, or any other witnesses who have provided responsive information relied on by Plaintiffs in the TAC. *See supra* at 2-3. The underlying facts provided by those witnesses and relied upon by Plaintiffs in the TAC are not privileged. If those witnesses have made oral statements regarding Defendants as alleged in the TAC, then those facts are not privileged and must be identified in

response to Interrogatory No. 1.

Regarding Plaintiffs' response to Interrogatory No. 3 (Second Set), there is plainly no privilege attached to underlying factual information provided by the lawyer for Jorge 40, a third-party witness, and such information is fully discoverable. *See supra* at 3. In the TAC, Plaintiffs affirmatively rely upon alleged facts purportedly confirmed by Jorge 40 (through his lawyer), and Defendants are entitled to full discovery concerning those alleged facts.

Finally, regarding Interrogatory No. 4 (Third Set), there is no support for Plaintiffs' position that a party need not disclose, on the basis of privilege, any payments or offers of payment made to witnesses, regardless of whether those witnesses are to be called to testify at trial. *Cf. In re Grand Jury Proceedings in Matter of Freeman*, 708 F.2d 1571, 1575–76 (11th Cir. 1983) (per curiam) (affirming sanctions for violation of an order requiring testimony by an attorney regarding payments to witnesses).

In refusing to provide the information requested by these interrogatories, Plaintiffs have relied on the basic proposition enunciated in *Hickman v. Taylor*, 329 U.S. 495 (1947), that attorneys should not be required to turn over their interview notes or recite verbatim the content of a witness interview. But that is not what Defendants have requested here. Defendants do not seek any witness interview notes or other potential work product. Rather, Defendants seek the *facts*, purportedly supplied by the various witnesses at issue, upon which Plaintiffs rely in making the allegations in the TAC. In *Dean Foods*, the court considered, and rejected, the exact argument Plaintiffs are making here. In that case, the defendants issued an interrogatory requesting all relevant factual information obtained by the plaintiffs from witness interviews, and the plaintiffs objected that such information was protected work product. *Dean Foods Co.*, 2010 WL 3980185, at *2. The court rejected that argument, stating that, "[a]lthough plaintiffs argue

they are merely trying to protect classic attorney work-product, they are ultimately attempting to extend work-product protection to the facts which form the basis of their antitrust lawsuit. . . . Because the court finds that work-product protection does not extend to the facts that form the basis of the plaintiffs' claims, we reject the plaintiffs' work-product objection." *Id.* Further, the court expressly rejected the plaintiffs' argument that responding to the interrogatory was tantamount to requiring the attorney to turn over interview notes:

> The discovery request at issue does not require the plaintiffs' attorneys to hand over their notes or memoranda in which they memorialized the interviewees' statements. [The defendant] simply asks that the relevant facts obtained from the interviewees be disclosed. . . . Rule 26(b)(3)(A) applies only to the production of documents and tangible things. This rule does not serve as a basis for refusal to respond to discovery requests seeking disclosure of facts by interrogatories.

*Id.* at *4. The court also noted, as is true in this case, "that the plaintiff will undoubtedly rely on certain of the facts obtained from its third-party interviews supporting its claims against [the defendant]. Fairness considerations arise when a party attempts to use a privilege, such as the work-product doctrine, as both a sword and a shield." *Id.* The court observed that the plaintiffs "cannot selectively assert facts obtained in the third-party interviews to support their antitrust claims against [the defendant] while at the same time invoke the work-product doctrine to shield the same or additional facts obtained during the interviews." *Id. Accord Horita v. Kauai Island Util. Coop.*, No. 07-CV-00357 JMS-BMK, 2008 WL 2901236, at *3 (D. Haw. Jul. 29, 2008) ("What counsel are entitled to protect is *their* work and *their* thoughts and *their* analysis of the case, not the knowledge possessed by third parties. . . . 'What a witness "knows" is not the work of counsel.'") (emphasis in original) (quoting *Dobbs v. Lamonts Apparel, Inc.*, 155 F.R.D. 650, 652 (D. Alaska 1994)). The analysis in *Dean Foods* applies with equal force here. Plaintiffs

have no legitimate basis to withhold the relevant facts they learned from third party witnesses and relied upon in the TAC, and they should be ordered to provide that factual information.

B.   <u>Plaintiffs Must Disclose The Identity Of Their Purported Confidential Informant</u>.

Plaintiffs have no legitimate basis for withholding the identity of the purported confidential informant in their response to Interrogatory No. 19 (Second Set).  Plaintiffs have already affirmatively relied upon that witness and cannot now invoke the attorney work product doctrine to prevent Defendants from exercising their right to take full discovery regarding the witness and the alleged statements attributed to him.  *See, e.g.*, *Hubbard v. BankAtlantic Bancorp, Inc.*, No. 07-61542-CIV, 2009 WL 3856458, at *3-4 (S.D. Fla. Nov. 17, 2009) ("Even if Plaintiffs do not intend to call the confidential witnesses at trial, they must provide the names of the confidential witnesses in response to Defendants' discovery request. . . . [I]t would be unfair to permit Plaintiffs to rely so heavily in their Complaint on confidential witnesses, yet allow Plaintiffs to keep their identities from Defendants during discovery, unless and until Plaintiffs decide to use the confidential witnesses a[s] trial witnesses, perhaps at the very end of the discovery period.").  Plaintiffs' refusal to disclose the identity of the alleged confidential informant — and thereby prevent full discovery on the witness's purported knowledge of relevant facts — is a text-book example of using the privilege improperly as both a "sword and shield."  Plaintiffs have already affirmatively relied upon the alleged statements of the informant in the TAC, and may not now hide behind a purported privilege to avoid discovery.

In particular, a confidential informant appears to be the only source for the allegation that Drummond used "its NAPA parts store to import the chemicals necessary to manufacture cocaine."  *See supra* at 3.  Plaintiffs cannot make such incendiary allegations in the TAC only to hide behind baseless assertions of privilege to refuse any discovery that would aid in disproving

8

such allegations. If Plaintiffs have no support for that assertion in the TAC, then it should be stricken.

### III.     CONCLUSION

For the foregoing reasons, Defendants request that their Motion to Compel Proper Responses to Interrogatories be granted, and that Plaintiffs be ordered to provide full and complete responses to the above-described interrogatories that seek information relied upon by Plaintiffs in making the allegations in the Second Amended Complaint.

Dated October 25, 2011                           Respectfully submitted,


/s/ William H. Jeffress, Jr.               /s/ William A. Davis, III
William H. Jeffress, Jr.                   William A. Davis, III (ASB-5657-D65W)
David A. Super                             H. Thomas Wells, III (ASB-4318-H62W)
Sara E. Kropf                              Starnes Davis Florie LLP
Rachel B. Cochran                          P.O. Box 59812
Bryan H. Parr                              Birmingham, AL  35259
Baker Botts L.L.P.                         (205) 868-6000
1299 Pennsylvania Avenue, NW               fax: (205) 868-6099
Washington, DC  20004-2400
(202) 639-7700
fax: (202) 639-7890

**CERTIFICATE OF SERVICE**

      I hereby certify that on **October 25, 2011**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Terrence P. Collingsworth, Esq.<br>Christian A. Levesque, Esq.<br>Conrad & Scherer, LLP<br>731 8th Street, SE<br>Washington, DC  20003<br><br>William R. Scherer, Esq.<br>Conrad & Scherer, LLP<br>633 South Federal Highway<br>Ft. Lauderdale, FL  33301<br><br>Eric J. Hager, Esq.<br>Conrad & Scherer, LLP<br>Avenida República de El Salvador 500 e Irlanda<br>Edificio Siglo XXI, PH Oficina W<br>Quito, Ecuador | Peter J. Cambs, Esq.<br>Michael R. Hugo, Esq.<br>Gary P. Falkowitz, Esq.<br>Parker Waichman Alonso, LLP<br>3301 Bonita Beach Road, Suite 101<br>Bonita Springs, Florida 34134 |

      /s/ William A. Davis, III
      William A. Davis, III (ASB-5657-D65W)