# Exhibit B

# (Excerpts)

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **Claudia Balcero Giraldo, *et al*.,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v.                                                          ) | **Case No. 7:09-cv-1041-RDP** |
| ) | |
| **Drummond Company, Inc.; Drummond Ltd.;** ) | |
| **Augusto Jiménez; Alfredo Araujo; and** ) | |
| **James Atkins**, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' JOINT RESPONSES AND OBJECTIONS TO DEFENDANTS
DRUMMOND COMPANY, INC.'S AND DRUMMOND LTD.'S
THIRD SET OF INTERROGATORIES**

Plaintiffs, by and through undersigned counsel, pursuant to the Federal Rules of Civil Procedure 26 and 33, hereby respond to the Third Set of Interrogatories of Defendants Drummond Company, Inc. and Drummond Ltd., dated June 3, 2011. Plaintiffs specifically reserve the following:

**RESERVATIONS**

1.      The right to question as to competency, relevancy, materiality, privilege and admissibility as evidence for any purpose, any of the interrogatory responses, in any subsequent proceeding in, or the trial of, this or any other action.

2.      The right to object to the use of any of these interrogatory responses in any subsequent proceeding in, or the trial of, this or any other action.

3.      The right to object on any ground at any time to a demand for any further response to these or any other interrogatories or other discovery procedures involving or relating to the subject matter of these interrogatories.

4.      The right to withhold responses to the interrogatories based on objections made herein, including but not limited to objections that a particular interrogatory is overbroad and unduly burdensome, and to respond to the extent the interrogatories are not objectionable.

5.      The right to refer Defendants to any responsive documents produced to them in lieu of providing a response to the interrogatories pursuant to Fed. R. Civ. P. 33(d).

6.      The right to supplement or revise these objections and responses at any time as required by the Federal Rules of Civil Procedure.  Plaintiffs have not completed their legal and factual investigation, discovery and/or trial preparation.  Accordingly, the responses set forth below are based upon only the information currently available and known following a reasonable and diligent investigation in responding to these interrogatories with the time and resources available and do not preclude Plaintiffs from later relying on information discovered or generated pursuant to further investigation or discovery, which may be conducted subsequent to the date of these responses.

## GENERAL OBJECTIONS

Plaintiffs make the following objections, which Plaintiffs incorporate into their joint responses to the Interrogatories below:

1. Plaintiffs object to each Definition, Instruction, and Interrogatory to the extent it purports to require the production of information beyond that which is required by the Federal Rules of Civil Procedure.

2. Plaintiffs object to the extent these interrogatories exceed the number of interrogatories previously agreed to by the parties.  Additionally, Interrogatories 1-7 are compound and contain impermissible subparts and thus should be counted as multiple interrogatories, as indicated in each specific objection.  *See, e.g., The Mitchell Co., Inc. v. Campus*, 2008 WL 2468564, at *15 (S.D. Ala. June 16, 2008) ("[i]nterrogatories which ask for 'substantive information, a separate identification of witnesses, and a separate identification of documents' are indeed compound, and have been held to have three discrete subparts.") (quoting *IOSTAR Corp. v. Stuart*, 2008 WL 1924209, *1 (D. Utah Apr. 25, 2008)).  Plaintiffs respond to these interrogatories subject to and expressly without waiving this objection and reserve their right to object without answering any future interrogatories that exceed the allotted number of interrogatories previously agreed to by the parties.

3.  Plaintiffs object to Definitions 9, 10, 11, and 12 as overly broad, unduly burdensome, and purporting to require information not likely to be within Plaintiff's knowledge, custody, or control.

2

4. Plaintiffs object to Instruction 4 because it purports to require the production of information beyond what is required by the Federal Rules of Civil Procedure to the extent it seeks "all efforts made by you to obtain the information necessary to answer the interrogatory." Additionally, Plaintiffs object to this instruction because it is unduly burdensome.

5. Plaintiffs object to each Interrogatory to the extent it seeks the disclosure of information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection. All such matters are exempted from discovery.

6. Plaintiffs object to each Interrogatory to the extent it is vague and ambiguous.

7. Plaintiffs object to each Interrogatory to the extent it seeks irrelevant information or information not likely to lead to the discovery of admissible evidence.

8. Plaintiffs object to each Interrogatory to the extent it is overly broad or unduly burdensome.

9. Plaintiffs object to each Interrogatory to the extent it is duplicative or cumulative.

10. Plaintiffs object to each Interrogatory to the extent it seeks information not within Plaintiffs' knowledge, possession, custody, or control.

11. Plaintiffs object to each Interrogatory to the extent it seeks public or other information as readily accessible to Defendants as it is to Plaintiffs.

12. Plaintiffs object to each Interrogatory to the extent it is premature and prior to discovery. *See* Fed. R. Civ. P. 33(a)(2) ("the court may order that [an] interrogatory need not be answered until designated discovery is complete"). Plaintiffs expressly reserve the right to supplement these responses following discovery.

13. Each one of the foregoing General Objections is hereby incorporated into the following specific responses to the enumerated interrogatories.

two occasions prior to February 27, 2011 to discuss the events that are detailed in Duarte's February 27, 2011 Declaration. Both meetings were in the Picota prison outside Bogota. At the first meeting, on January 31, 2011, an attorney providing representation to Duarte, Carlos Toro, was present. The second meeting was February 18, 2011 between Duarte, Mr. Collingsworth and Ms. Leete. Ms. Leete has since made nine other visits to Duarte to discuss the statements in Duarte's declaration. The approximate dates and individuals present in addition to Ms. Leete are: February 23, 2011; February 27, 2011; April 3, 2011; April 6, 2011; April 14, 2011 with Terrence Collingsworth;  May 2, 2011 ; May 12, 2011 with Francisco Ramirez ; May 23, 2011; June 12, 2011; and June 28, 2011 with Francisco Ramirez.

4. Describe anything of value offered or given by Plaintiffs, or anyone acting on Plaintiffs' behalf including counsel, to any person disclosed on Plaintiffs' Rule 26 disclosures, any former paramilitary or any other potential witness in this litigation.

**Response:**  In addition to the foregoing General Objections, Plaintiffs object on the grounds that this Interrogatory is compound and contains impermissible subparts (*see* General Objection No. 2 above) to the extent it seeks information concerning the identification of individuals and substantive descriptions.  Additionally, Plaintiffs object that this Interrogatory is vague and ambiguous and overly broad to the extent it requests that Plaintiffs describe "anything of value offered or given . . . to any person disclosed on Plaintiffs' Rule 26 disclosures, any former paramilitary or any other potential witness in this litigation."  Plaintiffs also object that the Interrogatory seeks information that is not relevant to the claims or defenses in this case, nor is it calculated to lead to admissible evidence.  Plaintiffs object that the Interrogatory seeks information protected by the attorney work product doctrine to the extent it seeks information regarding "potential witnesses," which impermissibly tracks Plaintiffs' counsels' investigations, and as it relates to any "potential witnesses" seeks documents that are not relevant or reasonably calculated to lead to admissible evidence. Additionally, Plaintiffs object because this

6

Interrogatory seeks information that is protected by the attorney-client privilege between Mr. Collingsworth and Mr. Rafael Garcia.

Subject to and without waiving these general and specific objections, Plaintiffs' counsel provides the following responsive, non-privileged information:

Plaintiffs have provided Duarte with hamburgers and other food on several occasions, which were served during meetings to discuss the facts in his February 2011 Declaration. Additionally, Plaintiffs are providing reasonable transportation, food, and lodging costs for Plaintiffs who will be deposed in Alabama between July 18-23, 2011.  Plaintiffs have paid to relocate Plaintiff Claudia Balcero and her family after she and her family received death threats as a result of participating in this lawsuit.

5. Describe the source and substance of your claim that individuals involved in this litigation have been bribed, threatened or the subject of any attempts to influence testimony. In the response, provide the following information:

>    (a) the name of the person or witness who was the subject of the bribery, threat or attempt to influence testimony;
>
>    (b) the name of the person who provided Plaintiffs or Plaintiffs' counsel with this information about bribes, threats or attempts to influence testimony;
>
>    (c) the date of the supposed bribe, threat or attempt to influence testimony;
>
>    (d) the location of the supposed bribe, threat or attempt to influence testimony;
>
>    (e) the amount of the supposed bribe, the nature of the threat and/or a description of the attempt to influence testimony;
>
>    (f) the names of any other persons present when the threat, bribery or attempt to influence testimony took place;
>
>    (g) a description of the basis for any contention that these supposed bribes, threats or attempts to influence testimony were committed by Drummond Company Inc. or Drummond Ltd. or anyone acting on their behalf; and

7

was not allied with the paramilitaries and did not have any kind of relationship with El Tigre, but could not refuse to treat the paramilitaries under "El Tigre's" command because she knew that if she did, the paramilitaries would kill her.  Plaintiffs cannot estimate the number of times that Ms. Cordoba treated the paramilitaries, as the paramilitaries controlled the region for several years before Ms. Cordoba was murdered by the paramilitaries.

One specific contact that Ms. Cordoba had with "El Tigre" was roughly two weeks before "El Tigre" was arrested for the disappearance of the CTI workers.  El Tigre came to Ms. Cordoba and told her that if anything happened to him, she would pay for it.

The last contact Ms. Cordoba had with the paramilitaries was on the day she was taken away and killed.  According to plaintiff Carlos Gil Cordoba, the men who came to Ms. Cordoba's house and took her away before she was killed identified themselves as members of the AUC and were wearing AUC armbands.  According to Plaintiff Carlos Gil Cordoba, an AUC member, alias "El Cali" also known as "El Chitiva," came to the house and was one of the men who took his mother away.

Dated:  July 5, 2011

Terrence P. Collingsworth
Christian Levesque
Eric Hager
**CONRAD & SCHERER, LLP**
1156 15th St. NW, Suite 502
Washington, DC 20005
P: 202-543-4001
F: 1-866-803-1125
tc@conradscherer.com

*ATTORNEYS FOR PLAINTIFFS*

11