# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| CLAUDIA BALCERO GIRALDO, et al., | } } } |
| Plaintiffs, | } } |
| v. | } } Case No.: 2:09-cv-1041-RDP |
| DRUMMOND COMPANY, INC., et al., | } } } } |
| Defendants. | } |

## MEMORANDUM OPINION AND ORDER

The court has before it Defendants Drummond Company, Inc., Drummond Ltd., and Augusto Jiminez's Partial Motion to Dismiss the Third Amended Complaint (Doc. #237) filed on October 13, 2011. The Motion (Doc. #237) has been fully briefed (*see* Docs. # 240, 241, 249, 254) and is now before the court for review.

**I.      Relevant Procedural History and Facts**

On September 29, 2011, Plaintiffs filed a Third Amended Complaint ("TAC") (Doc. #233) as allowed by the court's Memorandum Opinion and Order (Doc. #232) of September 27, 2011. The Third Amended Complaint includes the following edits and additions (*see also* Doc. #232):

- Conforms the complaint to the change in the law evidenced by *Baloco v. Drummond Co.*, 631 F.3d 1350 (11th Cir. 2011), subsequently modified on May 20, 2011 with 640 F.3d 1338 (11th Cir. 2011). (*See* Doc. #213, ¶ 1).

- Adds those Plaintiffs who were identified by Plaintiffs' prior effort to amend the complaint on February 23, 2011. (*See* Doc. #213, ¶ 2).

- Adds 33 Plaintiffs on behalf of 10 new decedents, and adds 5 Plaintiffs on behalf of previously filed decedents. (*See* Doc. #213, ¶ 3).

- Adds a new Defendant, Mike Tracy. (The addition of Mr. Tracy was a portion of Plaintiff's February 23, 2011 effort to amend the complaint). (*See* Doc. #213, ¶ 4).

- Adds back into the complaint Defendant James Adkins, who was previously dismissed without prejudice based on lack of personal jurisdiction. (*See* Doc. #213, ¶ 5).

- Corrects some minor errors relating to dates, place names, and other similar matters. (*See* Doc. #213, ¶ 6).

Defendants, who previously opposed the amendment in its entirety (*see* Docs. #213, 222, 227), now seek to partially dismiss the Third Amended Complaint by arguing that the claims of thirty-six new Plaintiffs are barred by the ten-year statute of limitations carried by the Alien Tort Statute ("ATS") and Torture Victims Protection Act ("TVPA"). (*See* Doc. #237 at 1-3; *see also* Third Amended Complaint, ¶¶ 33, 75, 92, 130-196).

## II.     Standard of Review

Dismissal under Federal Rule of Civil Procedure 12(b)(6)[1] on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred. *See*

---

[1] Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). A court may dismiss a complaint under Rule 12(b)(6) if a plaintiff fails to provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). That is, if a plaintiff "ha[s] not nudged [her] claims across the line from conceivable to plausible, [her] complaint must be dismissed." *Id.*; *see Ashcroft v. Iqbal*, 139 S.Ct. 1937, 1953 (2009) (holding that *Twombly* was not limited to antitrust cases but rather was based on an interpretation and application of Federal Rule of Civil Procedure 8).

In deciding a Rule 12(b)(6) motion, the court must "accept all well-pleaded factual allegations in the complaint as true and construe the facts in a light most favorable to the non-moving party." *Dacosta v. Nwachukwa*, 304 F.3d 1045, 1047 (11th Cir. 2002) (citing *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1367 (11th Cir. 1998)). "[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003) (citing *Marsh v. Butler County*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001) (en banc)).

*Tello v. Dean Witter Reynolds, Inc.*, 410 F.3d 1275, 1288 (11th Cir. 2005) (internal citation and quotation omitted).  A statute of limitations bar is an affirmative defense, and Plaintiffs are not required to negate an affirmative defense in their complaint.  *See LaGrasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004).  That is, a Rule 12(b)(6) dismissal on statue of limitations grounds is appropriate only if it appears beyond a doubt that Plaintiffs can prove no set of facts that toll the statute.  *See Knight v. E.F. Hutton & Co.*, 750 F.Supp. 1109, 1112 (M.D. Fla. 1990), *citing Summer v. Land & Leisure, Inc.*, 664 F.2d 965 (5th Cir. Unit B 1981).

### III.   Argument

The parties are in agreement that claims under both the Alien Tort Statue ("ATS") and Torture Victims Protection Act ("TVPA") are subject to a ten year statute of limitations.  (*See* Doc. #237 at 4; Doc. #249 at 1-2).  *See Cabello v. Fernandez-Larios*, 402 F.3d 1148, 1153 (11th Cir. 2005), *quoting Arce et al. v. Garcia*, 400 F.3d 1340 (11th Cir. 2005) ("The AT[S] and the TVPA share the same ten-year statute of limitations.").  Because the acts complained of occurred more than ten years prior to the filing of the original complaint, Defendants assert that those claims should be dismissed.  (Doc. #237 at 4) ("Because the deaths occurred over ten years before the Third Amended Complaint was filed, these Plaintiffs' claims are time-barred and should be dismissed.").  Plaintiffs argue that the concept of equitable tolling applies "until, at the earliest, the AUC paramilitaries that

terrorized the Plaintiffs had demobilized in 2007, and the raging civil war began to wind down."[2] (Doc. #249 at 1).

The doctrine of equitable tolling allows a court to toll the statute of limitations until such a time as the court determines would have been fair for the statute of limitations to begin running on the plaintiff's claims. *Arce v. Garcia*, 434 F.3d 1254, 1261 (11th Cir. 2006). Equitable tolling, however, is appropriate only in "extraordinary circumstances" that are both beyond plaintiff's control and unavoidable even with diligence. *See Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). The plaintiff bears the burden of showing that such extraordinary circumstances exist. *Arce*, 434 F.3d at 1260, *citing Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993). In determining whether a plaintiff meets this burden, we must keep in mind that "[equitable] tolling is an extraordinary remedy which should be extended only sparingly." *Id.* (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

Guidance from the Eleventh Circuit on this issue is sparse. None of the cases addressing the issue present a situation similar to the one faced by this court, and none of these cases dismissed an action or claim from the outset on a motion to dismiss. For example, *Cabello v. Fernandez-Larios* reached the Eleventh Circuit only *after* the district court denied a motion to dismiss and a jury verdict was returned in favor of the plaintiffs. 402 F.3d 1148 (11th Cir. 2005). Equitable tolling was ultimately found to be appropriate in that case because evidence adduced in the case showed that the

---

[2] Plaintiffs alternatively argue that: (1) the statute of limitations was tolled by the Drummond Defendants' fraudulent concealment of payments to the AUC and responsibility for the murders of Plaintiffs' decedents; and (2) Plaintiffs' claims are timely as they relate back to the claims in the original complaint. (*See* Doc. #249 at 10-24). Because Plaintiffs have raised a factual inquiry on the question of extraordinary circumstances based on the internal conflict in Colombia, these additional grounds for equitable tolling need not be considered at this stage of the proceedings.

events surrounding the decedent's death were covered-up for many years, making it "nearly impossible" for the survivors to discover the wrongs perpetrated against the decedent. *Id.* at 1155. *Arce v. Garcia* also went to trial after the district court denied and/or declined to rule on motions to dismiss on statute of limitations grounds. 400 F.3d 1340, 1344 (11th Cir. 2005). The case reached the Eleventh Circuit on appeal of a jury verdict in favor of the plaintiffs. *Id.* at 1344. The Circuit found that the plaintiffs had not satisfied the extraordinary burden of proving extraordinary circumstances for the purposes of equitable tolling. *Id.* at 1348-1351. But that decision was later vacated by *Arce v. Garcia*, 434 F.3d 1254 (11th Cir. 2006). The second time around, the Eleventh Circuit noted that review of the statute to be tolled was of import. "The basic question to be answered in determining whether, under a given set of facts, a statute of limitations is to be tolled, is one 'of legislative intent whether the right shall be enforceable ... after the prescribed time.' " *Arce*, 434 F.3d at 1261 (internal citations and quotations omitted). Senate Report language cited by *Arce* called for "consideration of all equitable tolling principles in calculating this period with a view toward giving justice to plaintiff's rights." *Arce*, 434 F.3d at 1262, *citing* S. Rep. No. 102-249, at 10-11 (footnote omitted).

      This is not to say that the thirty-six Plaintiffs who have filed their claims outside of the statute of limitations are entitled to equitable tolling as a matter of law. Statutes of limitations are not arbitrary obstacles to the vindication of just claims; such relief is granted only sparingly. *Id.* at 1347 (internal citations omitted); *see also Burnett v. New York Central R.R. Co.*, 380 U.S. 424, 428 (1965) ("Statute of limitations are primarily designed to assure fairness to defendants . . . the courts ought to be relieved of the burden of trying stale claims when a plaintiff has slept on his rights."). Moreover, the court is not blind to the fact that the claims in this case are not asserted against

members of the AUC or the Colombian regime, but instead are asserted against United States companies and their current and former officers and employees. (*See* Doc. #254 at 5-6). This indeed presents a unique twist to the tolling cases decided heretofore by the Eleventh Circuit. However, at this stage of the case, the Third Amended Complaint raises allegations that, taken in the light most favorable to Plaintiffs, could justify Plaintiffs' delay in filing suit. *See Arce*, 434 F.3d at 1259. The situation in Colombia had been one of great unrest until at least 2007, when the AUC was demobilized. (Third Amended Complaint ¶¶ 9, 14, 16, 189). Plaintiffs have alleged that until the 2007 demobilization, the AUC "along with their collaborators in the Colombian government, and with the support of the Drummond Defendants, used violent reprisals against anyone who sought to hold them accountable for the terror imposed on the civilian population." (Doc. #249 at 5; Third Amended Complaint ¶¶ 5-9, 13-15, 162, 171-181). The court cannot say that the thirty-six Plaintiffs at issue cannot prove a set of facts that would show their claims are subject to equitable tolling.

For now, it is too soon to dismiss these thirty-six Plaintiffs' claims. The thirty-six Plaintiffs in question are entitled to develop their claims through the agreed-upon process of discovery. These Plaintiffs, however, should remain mindful of Defendants' probable use of the statute of limitations as an affirmative defense at a later stage, and during discovery appropriately consider the propriety of asserting equitable tolling. *See e.g., Cabello*, 402 F.3d at 1156 ("[T]he plaintiff should act with due diligence and file his or her action in a timely fashion in order for equitable tolling to apply."); *see also Justice v. U.S.*, 6 F.3d 1474, 1479 (11th Cir. 1993) (holding that equitable tolling is appropriate "only upon finding an inequitable event that prevented plaintiff's timely action.") (internal citation omitted).

## IV.     Conclusion

For the foregoing reasons, Defendants Drummond Company, Inc., Drummond Ltd., and Augusto Jiminez's Partial Motion to Dismiss the Third Amended Complaint (Doc. #237) is **DENIED WITHOUT PREJUDICE**.

**DONE** and **ORDERED** this      17th       day of January, 2012.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE