FILED
 2012 Feb-28  AM 11:59
 U.S. DISTRICT COURT
    N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **CLAUDIA BALCERO GIRALDO, et al.,** } <br> } <br> **Plaintiffs,** } <br> } <br> **v.** } <br> } <br> **DRUMMOND COMPANY, INC., et al.,** } <br> } <br> **Defendants.** } | **Case No.: 2:09-CV-1041-RDP** |

### MEMORANDUM OPINION AND ORDER

The court has before it Plaintiffs' Opposed Motion to Alter Expert Discovery Deadlines (Doc. #318) filed on February 23, 2012. Because the contested issue presented by the Motion (Doc. #318) is time sensitive, the parties have, on an expedited basis, fully briefed the Motion (*see* Docs. #318, 319, 320) and it is now before the court for review.

Plaintiffs argue that the selection of many of their experts is "directly related to the case management plan this court ultimately implements based on the joint reports the parties are in the process of submitting." (Doc. #318 at 1). Indeed the court is considering, and the parties are submitting reports related to, the difficulties this case faces from a manageability standpoint with 609 Plaintiffs and 144 Plaintiffs' decedents. (*See* Doc. #276 at 1). One of the many considerations the court must account for is whether there are any common fact questions applicable to all 609 Plaintiffs that could be put to the trier of fact as an initial matter, before more individual questions such as causation might be considered. (*See* Doc. #276 at 2). As the court and parties have discussed, the answer to that question may lead to a bifurcated trial of sorts, in which event

individual damage questions would not be relevant until the latter phase.  Plaintiffs propose that within 45 days of the court's entry of a trial plan they submit their expert reports in an effort to avoid "unnecessary complexities in designating some experts now and more experts later." (Doc. #318 at 2, 3).

Defendants oppose the proposed extension in part. (*See generally* Doc. #319).  They do not oppose an extension of time for submission of reports by medical experts solely addressing physical or psychological harm to individual Plaintiffs. (Doc. #319 at 1, 3).  They do, however, oppose the third request for extension as it relates to reports of experts whose testimony bears on issues applicable to all Plaintiffs; namely, whether Defendants paid the AUC to kill innocent civilians. (Doc. #319 at 2).

Plaintiffs are correct that the court has not yet had the opportunity to determine whether one or more common issues will be presented to a jury prior to a consideration of damages. (Doc. #320 at 4).  But that fact cuts both ways – a trial in December 2012 on all issues remains a real possibility, and Plaintiffs should be preparing for that eventuality instead of arguing against bifurcation while at the same time arguing for an extension of expert deadlines. (*See generally* Docs. # 312, 318, 320). Truth be told, Plaintiffs' expert reports should already be near completion.  That being said, the court is not unsympathetic to the viewpoints being expressed in the briefing on the Motion, and it does make sense that expert reports need not be filed until a trial plan is underway.  Therefore, the Motion to Alter Expert Discovery Deadlines (Doc. #318) is **GRANTED IN PART**.  Plaintiffs **SHALL** file their expert reports **no later than thirty (30) days** after this court's ruling on case management issues as set forth in court's January 7, 2012 order (Doc. #276).  Remaining deadlines related to expert reports **SHALL** be filed in the usual succession of time; that is, within thirty days after

Plaintiffs' expert reports and designations, Plaintiffs' experts are made available for deposition; Defendants' reports from retained experts are due thirty days later; and Defendants' experts are made available for depositions within thirty days thereafter.

    **DONE** and **ORDERED** this   28th   day of February, 2012.

                                               **R. DAVID PROCTOR**
                                             UNITED STATES DISTRICT JUDGE