# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| CLAUDIA BALCERO GIRALDO, *et al.*, ) | |
| ) | Case No. 2:09-cv-1041-RDP |
| ) | |
| Plaintiffs, ) | |
| ) | OPPOSED |
| v. ) | |
| ) | |
| DRUMMOND COMPANY, INC., *et al.*, ) | |
| ) | |
| ) | |
| Defendants. ) | |

## **PLAINTIFFS' OPPOSED MOTION FOR ISSUANCE OF ADDITIONAL LETTERS ROGATORY TO TAKE TESTIMONY**

**TABLE OF CONTENTS**

I.   PROCEDURAL HISTORY AND RELEVANCE OF THE NEW
     TESTIMONY SOUGHT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II.  ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

     A.   The Additional Letters Rogatory Should be Issued Promptly
          Because Plaintiffs Have Demonstrated the Testimony is
          Crucial and Defendants Will Not Suffer Any Prejudice. . . . . . . . . . . 7

     B.   The Procedure Outlined Applies to Issuing the Letters Rogatory,
          Which is Consistent with the Procedure Already Employed
          by the Parties. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

III. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

# TABLE OF AUTHORITIES

**CASES**

*B&L Drilling Elecs. v. Totco*,
　　87 F.R.D. 543 (W.D. Okla. 1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Charles v. Wade*,
　　665 F.2d 661 (5th Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

*Estenfelder v. Gates Corp.*,
　　199 F.R.D. 351 (D. Colo. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

*Kara v. Florida Pub. Utils. Co.*,
　　2007 WL 2447006 (M.D. Fla. Aug. 23, 2007) . . . . . . . . . . . . . . . . . . . . . . . 10

*Spangler v. Sears, Roebuck and Co.*,
　　138 F.R.D. 122 (S.D. Ind. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

*Zassenhaus v. Evening Star Newspaper Co.*,
　　404 F.2d 1361 (D.C. Cir. 1968) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7


**STATUTES**

28 U.S.C. § 1781 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 6


**RULES**

Fed. R. Civ. P. 16(b)(4) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Fed. R. Civ. P. 26(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Fed. R. Civ. P. 28(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 6, 7

# PLAINTIFFS' OPPOSED MOTION FOR ISSUANCE OF ADDITIONAL LETTERS ROGATORY TO TAKE TESTIMONY

Pursuant to 28 U.S.C. § 1781, Federal Rule of Civil Procedure 28(b), and the Court's inherent authority, Plaintiffs respectfully request that the Court issue additional letters rogatory seeking testimony from the following witnesses:

1. EDGAR ARIEL CORDOBA TRUJILLO (alias "57") (Ex. 1);
2. JAIRO ALFONSO SAMPER CANTILLO (alias "LUCHO") (Ex. 2);
3. JAVIER ERNESTO OCHOA QUINONEZ (alias "MECANICO") (Ex. 3);
4. HERNANDO DE JESUS FONTALVO SANCHEZ (alias "PAJARO") (Ex. 4);
5. JOSE ARISTIDES PEINADO MARTINEZ (alias "PEINADO"); (Ex. 5);
6. JAVIER ENRIQUE CORONADO SARMIENTO (Ex. 6);
7. OSCAR DAVID PEREZ BERTEL (alias "YUCA") (Ex. 7);
8. EDGAR IGNACIO FIERRO FLORES (alias "DON ANTONIO") (Ex. 8).[1]

During the course of their interviews with the witnesses that are currently appearing to testify in Colombia under letters rogatory previously issued by this Court (Docs. 148-162), Plaintiffs have discovered additional demobilized AUC paramilitaries with testimony that is extremely important to this case. Plaintiffs' counsel requested that Defendants give their consent to this Motion to issue additional letters rogatory. Defendants refused and stated that the Court's deadline to issue letters rogatory has passed. For the reasons that follow, this

---

[1] All exhibits are appended to the Declaration of Christian A. Levesque, filed concurrently herewith.

Court should grant Plaintiffs' request because the witnesses from whom Plaintiffs seek testimony are either newly discovered or have only recently agreed to testify. Plaintiffs note that the deadline set for letters rogatory was driven by the expectation that there would be extensive delay by the Colombian government to produce any of the witnesses, but it now appears that this process is proceeding efficiently and that this trial testimony will be completed before or during the trial in this case. Plaintiffs are not with this motion seeking to alter any other deadlines applicable to managing this case. Defendants have not identified any prejudice that will be suffered if the Court grants Plaintiffs' request. Rather, Defendants merely hope to prevent key testimony from being gathered in this case, which is not a legitimate reason for refusing to consent to Plaintiffs' motion.

## I.  PROCEDURAL HISTORY AND RELEVANCE OF THE NEW TESTIMONY SOUGHT

As this Court is aware, in the Third Amended Complaint (TAC), Plaintiffs allege that their family members were murdered by members of the Juan Andres Alvarez Front of the AUC in furtherance of its alleged agreement with Defendants Drummond Company, Inc. and Drummond, Ltd. to provide security, pacify the area, and otherwise ensure that the civilian population in and around the

Drummond mine and its railroad line in Colombia would not in any way provide support or cooperation to leftist rebels.

On March 3, 2011, this Court extended the deadline within which requests to issue letters rogatory could be filed to March 14, 2011. Doc. 133 (Text Order). During the last year, Plaintiffs have worked diligently to secure the testimony of numerous key witnesses who are demobilized AUC members and leaders and who are currently incarcerated in Colombian prisons, as well as other witnesses who are, for example, former Colombian military leaders who currently reside in Colombia. Plaintiffs have pursued this testimony through various procedural means, including the letters rogatory process, as well as via depositions for those witnesses who agreed to appear voluntarily and who are not currently incarcerated.

As the Court is aware, with respect to all demobilized AUC members who are incarcerated, and who have agreed to give deposition testimony voluntarily, Plaintiffs pursued on a parallel basis a process to get permission from the prison officials for the parties' counsel to take these depositions in the prisons where the witnesses currently reside. Although, as Mr. Collingsworth indicated in the telephonic hearing with the Court on March 8, 2012, Plaintiffs have not foreclosed the possibility of taking depositions and would welcome the opportunity to do so, due to their inability to secure permission from the various Colombian

governmental bodies, Plaintiffs seek issuance of letters rogatory for these additional witnesses so that their testimony can be presented as evidence at trial. In fact, Plaintiffs now believe the possibility of obtaining the evidence through voluntary depositions taken in the prisons is unlikely. Further, the three letters rogatory hearings of demobilized paramilitaries in Colombian prisons conducted to date have gone smoothly, and five more are scheduled between now and April 19. This proven process will permit admissible evidence to be presented at trial.

As to the additional letters rogatory Plaintiffs request to be issued, during the course of discovery in this case, Plaintiffs have determined that additional witnesses have relevant information concerning Defendants' alleged relationship with the AUC and involvement in the assassination of union leaders in Colombia. Thus, Plaintiffs request the issuance of letters rogatory for the eight witnesses identified above, whose relevant testimony recently became known to Plaintiffs or who have recently agreed to voluntarily appear to provide testimony in this case.

Although all of the eight witnesses identified above have highly relevant information relating to the relationship between Drummond and the AUC, Plaintiffs provide examples of expected testimony for several witnesses as a means of demonstrating the testimony of these witnesses is crucial.

First, witness Edgar Ariel Cordoba Trujillo (alias "57") will testify that as a

commander of the AUC's Victor Villareal Front, he provided the head of the AUC's Northern Block, Jorge 40, the names and resumes of approximately 40 "reliable" individuals in the Magdalena region of Colombia who could be used as employees of a security company that Drummond was establishing through which it was providing support to the AUC in exchange of military and security cooperation from the AUC.  Second, witness Jose Aristides Peinado Martinez, also a former member of the AUC, is expected to testify concerning his employment with the food servicing company, ISA, which was awarded a contract under the direction of Jaime Blanco Maya.  Mr. Peinado's "official" job at ISA was as a maintenance worker, but in reality he served as an informant, passing information between Drummond and the AUC while under the supervision of Jaime Blanco Maya.  Mr. Peinado will testify concerning his personal knowledge and personal observation of monetary payments Drummond made to the AUC.  Mr. Peinado was also present in multiple meetings in which individuals acting on behalf of Drummond, including Colonel Lineros, Alfredo Araujo, and James Adkins ordered the AUC to focus its efforts of "cleansing" guerillas to areas along Drummond's rail line, as well as ordering the AUC to kill Drummond union leaders.  Mr. Peinado personally participated in these cleansing operations in which many innocent civilians were killed.

In addition to providing key testimony concerning their personal knowledge, these witnesses will also corroborate testimony from other key witnesses, such as "El Tigre," Jaime Blanco Maya, Jairo de Jesus Charris, and Samario, among others who are already scheduled to provide testimony through the letters rogatory process or through voluntary depositions.

As indicated above, Defendants oppose Plaintiffs' motion on the ground that the deadline for issuing letters rogatory has passed. *See* Ex. 9, attached to the Declaration of Christian A. Levesque. Plaintiffs, however, have made a showing of good cause to support issuing the additional letters rogatory.

## II.  ARGUMENT

As this Court is aware, because all witnesses are in Colombia and cannot be served with Rule 45 subpoenas, Plaintiffs cannot compel them to testify at trial in this case under the Federal Rules of Civil Procedure. The Court, however, has the authority to issue letters rogatory, pursuant to 28 U.S.C. § 1781, Federal Rule of Civil Procedure 28(b), and the Court's inherent authority.[2]

---

[2] Plaintiffs do not re-argue the Court's authority to issue letters rogatory generally, as this is not in dispute and this Court previously granted the parties' requests for issuing letters rogatory. Docs. 148, 164.

### A. The Additional Letters Rogatory Should be Issued Promptly Because Plaintiffs Have Demonstrated the Testimony is Crucial and Defendants Will Not Suffer Any Prejudice.

The letters rogatory that Plaintiffs seek are the only means available to Plaintiffs for compelling these witnesses to provide testimony, and as addressed above, the witnesses are expected to provide crucial testimony. Moreover, Defendants have provided no "good reason" why the letters rogatory should not be issued. *See Zassenhaus v. Evening Star Newspaper Co.*, 404 F.2d 1361, 1364 (D.C. Cir. 1968); *see also* Fed. R. Civ. P. 28(b)(2) ("A letter of request . . . may be issued . . . without a showing that taking the deposition in another manner is impracticable or inconvenient."); *B&L Drilling Elecs. v. Totco*, 87 F.R.D. 543, 545 (W.D. Okla. 1978) (A court should "not weigh the evidence that is to be adduced by deposition" nor "attempt to predict, whether, in fact, the witnesses will be able to give the testimony which is sought" ).

As noted above, although Defendants oppose the issuance of additional letters rogatory, they cite no well-founded reason for denying Plaintiffs' request, and they certainly do not account for the fact that Plaintiffs seek testimony of either newly discovered witnesses or testimony from witnesses who have only recently agreed to provide testimony voluntarily. In fact, Defendants have identified no prejudice that they will suffer as a result of taking the testimony.

Plaintiffs seek the issuance of letters rogatory for the purpose of preserving testimony for trial because the witnesses who are incarcerated in Colombia are unavailable to appear at trial. Indeed, given the circumstances in this case and the fact that the witnesses are incarcerated, Plaintiffs will have *one* opportunity to gather testimony from them to be used at trial, and they have no choice but to do so through the letters rogatory process. *Cf. Charles v. Wade*, 665 F.2d 661, 664 (5th Cir. 1982) (noting that where a party can *only* obtain the testimony via deposition, the deposition serves a different purpose than discovery). Moreover, Plaintiffs are not seeking to obtain the testimony of unfriendly witnesses; Plaintiffs already intend to introduce the testimony of these witnesses at trial, and many of these witnesses have provided detailed declarations of the knowledge they possess. Thus, Plaintiffs are not seeking to "discover" the substance of their testimony, but rather to preserve their anticipated testimony for trial. *See, e.g., Estenfelder v. Gates Corp.*, 199 F.R.D. 351, 352-53, 355 (D. Colo. 2001) (holding it was clear the testimony was for the purpose of preserving evidence for trial because the witness was unavailable, parties do not normally depose their own witnesses, and the witness was "friendly," among other factors); *Spangler v. Sears, Roebuck and Co.*, 138 F.R.D. 122, 124 (S.D. Ind. 1991) (same); *Charles*, 665 F.2d at 664 (same).

As indicated above, in situations concerning the preservation of evidence for trial through traditional depositions, courts have often allowed testimony to proceed close to trial when the purpose is to preserve evidence and the witness is unavailable, without regard to any other deadlines in the case. For example, in *Charles,* which involved an incarcerated witness who would not be available to testify at trial, the Fifth Circuit held that "[a]lthough the discovery period had indeed closed at the time appellant made his motion, the requested deposition would not have been taken for purposes of discovery but as the testimony of a witness unavailable for trial." 665 F.2d at 664; *see also Estenfelder*, 199 F.R.D. at 352-53, 355 (holding preservation depositions are not subject to the discovery deadlines and collecting cases holding the same); *Spangler*, 138 F.R.D. at 124 (holding that even though discovery has closed "a party may still prepare for trial by taking the depositions of witnesses whose unavailability for trial is anticipated").

In this case, Plaintiffs seek the letters rogatory more than nine months before the trial is scheduled to begin in December 2012. Doc. 235. Thus, there are no deadlines in this case which act to preclude Plaintiffs' request to preserve testimony via the letters rogatory process, and even if they did, Plaintiffs have made a significant showing of need. Additionally, Plaintiffs' request is consistent

9

with this Court's scheduling order concerning the disclosure of newly-discovered persons with knowledge and the filing of trial witness lists, which are not due until 30 days before trial.  *See* Fed. R. Civ. P. 26(e); Doc. 235 ¶ 4 (Supplementation of disclosures and discovery under Fed.R.Civ.P. 26(e) are due as soon as practicable after new information is received, but not later than thirty (30) days prior to the close of discovery, May 30, 2012.");  Doc. 235 ¶ 7 ("Final lists of witnesses and exhibits under Fed.R.Civ.P. 26(a)(3) must be filed 30 days before trial.").

Finally, although the testimony Plaintiffs seek is for the purpose of preserving evidence for trial, and thus the discovery deadline in this case should not be relevant, Plaintiffs note that it is not unusual for courts to allow discovery depositions of witnesses to be taken after the close of discovery when, through no fault of the requesting party, the witness was previously unavailable, unknown, or some other reason demonstrates "good cause" to allow the deposition.  *See, e.g.,* Fed. R. Civ. P. 16(b)(4); *Kara v. Florida Pub. Utils. Co.*, 3:06-CV-572-J-32MCR, 2007 WL 2447006 (M.D. Fla. Aug. 23, 2007) (holding discovery permissible after the deadline only where: (1) further discovery is likely to lead to relevant information; and (2) the requesting party has a reasonable explanation as to why such discovery did not occur during the discovery period).

In this instance, there is no doubt that it is within the Court's authority to allow Plaintiffs to take the crucial testimony addressed above by granting the request to issue letters rogatory. Plaintiffs' request does not require the Court to even contemplate extending any current deadlines, as Plaintiffs intend to work diligently to obtain the cooperation of the Colombian government to secure the testimony prior to or during the trial. Moreover, Defendants have utterly failed to show they will suffer any prejudice should the Court grant Plaintiffs' request. Additionally, should Defendants suddenly raise any purported prejudice with the Court in their response to this motion, they neglected to address the issue of prejudice with Plaintiffs during the meet and confer process. *See* Ex. 9 (email from Defendants stating only that the deadline for issuing the letters rogatory had passed). For all the above reasons, and weighing all the relevant factors, the Court should grant Plaintiffs' request to issue letters rogatory for the additional witnesses identified herein.

> **B.** **The Procedure Outlined Applies to Issuing the Letters Rogatory, Which is Consistent with the Procedure Already Employed by the Parties.**

Plaintiffs request that the Court issue the letters rogatory pursuant to its inherent authority and utilize the procedures set forth by the U.S. Department of

State to maximize the chances of obtaining discovery.[3] Those procedures, which were applied successfully with respect the first group of letters rogatory, are as follows:

(1) This Court signs the letters rogatory for all witnesses, and instructs the Clerk of the Court to attach a judicial seal to the letters rogatory for all witnesses (attached hereto as Exhibits 1 through 8); and

(2) The Clerk of the Court returns the signed and sealed letters rogatory to counsel for Plaintiffs so that Plaintiffs' counsel may deliver the letters rogatory to the U.S. Department of State (along with Spanish translations of the letters rogatory and English and Spanish versions of the Court's Order granting the present motion), and the Department of State will in turn authenticate the documents and ultimately forward them to the Appropriate Judicial Authority of the Republic of Colombia to be executed.

### III.   CONCLUSION

For the reasons stated herein, Plaintiffs respectfully request that the Court: (1) grant Plaintiffs' motion for the issuance of the accompanying letters rogatory; (2) issue the accompanying Order; and (3) follow the procedures for issuing the

---

[3] *See* Bureau of Consular Affairs, U.S. Department of State, *Preparation of Letters Rogatory*, *available at*: http://travel.state.gov/law/judicial/judicial_683.html (last visited Mar. 12, 2011).

letters rogatory as set out in Section B above.


Dated: March 23, 2012                        Respectfully submitted,

                                                          /s/Christian A. Levesque
                                                        Christian Levesque (DC Bar No. 501778)
Terrence Collingsworth (DC Bar No. 471830)
Eric Hager (DC Bar No. 975861)
Conrad & Scherer, LLP
1156 15th Street NW, Suite 502
Washington D.C. 20005
202-543-4001
clevesque@conradscherer.com
tcollingsworth@conradscherer.com
ehager@conradscherer.com

**Counsel for Plaintiffs**

## CERTIFICATE OF SERVICE

I hereby certify that on March 23, 2012, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of the filing to the following:

| | |
|---|---|
| William Anthony Davis, III<br>tdavis@starneslaw.com<br>H. Thomas Wells, III<br>twells@starneslaw.com<br>Philip G. Piggott<br>ppiggott@starneslaw.com<br>STARNES DAVIS FLORIE LLP<br>PO Box 598512<br>Birmingham , AL 35259-8512<br>205-868-6000<br><br>Laina Lopez<br>lcl@bcr-dc.com<br>Thomas Edward Wilson<br>twilson@bcr-dc.com<br>BERLINER CORCORAN & ROWE LLP<br>1101 17th Street Nw, Suite 1100<br>Washington, DC 20036<br>202-293-5555 | William H. Jeffress, Jr.<br>william.jeffress@bakerbotts.com<br>David A. Super<br>david.super@bakerbotts.com<br>Rachel B Cochran<br>rachel.cochran@bakerbotts.com<br>Sara E Kropf<br>sara.kropf@bakerbotts.com<br>Bryan H. Parr<br>bryan.parr@bakerbotts.com<br>BAKER BOTTS LLP<br>1299 Pennsylvania Avenue, NW<br>Washington , DC 20004-2400<br>202-639-7700 |

/s/ Christian Levesque
_____
Christian Levesque