FILED
2012 Apr-04  PM 02:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| Claudia Balcero Giraldo, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 2:09-cv-1041-RDP |
| | ) | |
| Drummond Company, Inc.; Drummond | ) | |
| Ltd.; Augusto Jiménez; Mike Tracy; | ) | |
| and James Adkins, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' OPPOSITION TO
## PLAINTIFFS' MOTION FOR ISSUANCE OF ADDITIONAL LETTERS ROGATORY

{B1414757}

# TABLE OF CONTENTS

**Table of Authorities** ...............................................................................3

**Introduction** ..........................................................................................5

**Argument** ..............................................................................................7

       I.    P<small>LAINTIFFS</small>' A<small>SSERTION</small> T<small>HAT</small> T<small>HESE</small> W<small>ITNESSES</small> A<small>RE</small> "N<small>EWLY</small> D<small>ISCOVERED</small>" I<small>S, IN</small> L<small>ARGE</small> P<small>ART,</small> U<small>NTRUE.</small> .................................................7

       II. P<small>LAINTIFFS</small> H<small>AVE</small> N<small>OT</small> S<small>HOWN</small> G<small>OOD</small> C<small>AUSE</small> F<small>OR</small> A<small>LTERING THE</small> D<small>ISCOVERY</small> D<small>EADLINES.</small> ...........................................................8

       III.    I<small>SSUING</small> A<small>DDITIONAL</small> L<small>ETTERS</small> R<small>OGATORY</small> W<small>OULD</small> S<small>EVERELY</small> P<small>REJUDICE THE</small> D<small>EFENDANTS.</small> ..................................................15

**Conclusion** ..........................................................................................18

**Certificate of Service** .........................................................................20

## TABLE OF AUTHORITIES

**Cases**

*Bamcor LLC v. Jupiter Aluminum Corp.*, 2010 WL 4955545 (N.D. Ind. 2010).....13

*Charles v. Wade*, 665 F.2d 661 (5th Cir. 1982)......................................................13

*Chrysler International Corp. v. Chemaly,* 280 F.3d 1358 (11th Cir. 2002)............13

*Estenfelder v. Gates Corp.*, 199 F.R.D. 351 (D. Colo. 2001)............................13, 14

*Hall v. Thomas*, 753 F. Supp. 2d 1113 (N.D. Ala. 2010) ........................................14

*Herring v. Veterans Admin.*, 1996 WL 32147, 76 F.3d 386 (9th Cir. 1996)...........18

*Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604 (9th Cir. 1992) ..............9, 15

*Josendis v. Wall to Wall Residence Repairs, Inc.*,
662 F.3d 1292 (11th Cir. 2011)  ...............................................................................9

*Kuithe v. Gulf Caribe Maritime, Inc.*, 2009 WL 3711553 (S.D. Ala. 2009)...........13

*Oakview Building Consensus Joint Venture, LLC v. First Bank*,
2010 WL 4606520 (D. Nev. 2010) ...........................................................................10

*Postell v. Greene County Hosp. Authority*,
2006 WL 2583686 (M.D. Ga. 2006) .........................................................................10

*Romero v. Drummond Co., Inc.*, 552 F.3d 1303 (11th Cir. 2008)...........................11

*Schmidt v. Fidelity Nat. Title Ins. Co.*,  2009 WL 1789300 (D. Hawaii 2009).......15

*Smith v. Ford Motor Co.*, 626 F.2d 784 (10th Cir. 1980)........................................14

*Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417 (11th Cir. 1998) ...............................9

*Wega v. Center for Disability Rights Inc.*, 395 F. App'x 782,
2010 WL 3933563 (2d Cir. 2010)........................................................................9, 16

**<u>Rules</u>**

Fed. R. Civ. P. 16 ........................................................................................9

**DEFENDANTS' OPPOSITION TO**
**PLAINTIFFS' MOTION FOR ISSUANCE OF ADDITIONAL LETTERS**
**ROGATORY**

Defendants Drummond Company, Inc., Drummond Ltd. (collectively "Drummond"), Augusto Jiménez, and Mike Tracy (collectively "Defendants"), submit this Brief in Opposition to Plaintiffs' Opposed Motion for Issuance of Additional Letters Rogatory to Take Testimony.  (Dkt. 337.)

**Introduction**

Plaintiffs ask this Court to issue additional letters rogatory for the testimony of eight individuals in Colombia:  Edgar Ariel Cordoba Trujillo (alias "57"), Jairo Alfonso Samper Cantillo (alias "Lucho"), Javier Ernesto Ochoa Quinonez (alias "Mecanico"), Hernando de Jesus Fontalvo Sanchez (alias "Pajaro"), Jose Aristides Peinado Martinez (alias "Peinado"), Javier Enrique Coronado Sarmiento, Oscar David Perez Bertel (alias "Yuca")[1], and Edgar Ignacio Fierro Flores (alias "Don Antonio").  (Dkt. 337, p. 4.)  Plaintiffs' request comes over a year after the deadline this Court set (after having already continued that deadline once before) for requesting the issuance of letters rogatory, March 14, 2011. (Dkt. 133, Text Order.)  As justification for their tardy request, Plaintiffs assert that these individuals are "either newly discovered or have only recently agreed to testify."

---

[1] Defendants have already requested the issuance of letters rogatory for Oscar David Perez Bertel (alias "Yuca") and Javier Ernesto Ochoa Quinonez (alias "Mecanico").  Plaintiffs' Motion for the Issuance of Additional Letters Rogatory, insofar as it relates specifically to them, is due to be denied as cumulative.

(Dkt. 337, p. 5.)  Plaintiffs' motion is a transparent attempt to sandbag Defendants with witnesses late in the discovery process – three months before the deadline – and leave Defendants without enough time to investigate the veracity of the allegations.

     As this Court recently pointed out in denying Defendants' Motion to Stay (Dkt. 326), "it's getting pretty late in the ball game if we have a June 29 discovery cutoff."   (Dkt. 339, March 8, 2012 Telephonic Hearing Transcript, p. 53.) Plaintiffs' counsel also acknowledged during the hearing "we have a discovery cutoff date that is June 29th and that we're serious about trying to get that testimony taken in that timeframe, and we don't have time to mess around anymore." (*Id.* at 22.)  Now, over a year after the Court's deadline for letters rogatory, three months before the close of discovery, and less than nine months before trial, Plaintiffs ask this Court to issue additional letters rogatory "without regard to any other deadlines in the case."  (Dkt. 337, p. 9.)

     In addition to a complete lack of any explanation from Plaintiffs as to why "good cause" exists to grant their motion, the issuance of these additional letters rogatory would push discovery far past June of this year.  Indeed, a year passed between the Plaintiffs' last applications for letters rogatory in March 2011 and when that testimony was actually obtained in March 2012.  Accordingly, while Plaintiffs proclaim that their motion was filed "more than nine months before the

trial is scheduled to begin" (Dkt. 337, p. 9), they fail to acknowledge the letters rogatory process, based on the parties' experience thus far, likely will not be completed before trial.  Moreover, if these additional letters rogatory are issued, Defendants would necessarily need to (1) investigate the allegations in the three declarations recently produced by the Plaintiffs, (2) investigate any new allegations which arose during the letters rogatory testimony, and (3) issue their own letters rogatory for witnesses in Colombia who can rebut these new witnesses' testimony. All of this discovery is necessary to ensure a fair trial for Defendants but would undoubtedly cause further delay in the trial schedule.

Plaintiffs' motion is untimely, rife with factual misrepresentations, and utterly lacks a showing of good cause.  Moreover, granting this motion would severely prejudice the Defendants.  For all of these reasons, Plaintiffs' motion should be denied.

## **Argument**

## I. **PLAINTIFFS' ASSERTION THAT THESE WITNESSES ARE "NEWLY DISCOVERED" IS, IN LARGE PART, UNTRUE.**

Plaintiffs have known about at least three of these witnesses long before their motion.  For example, Plaintiffs have a purportedly sworn declaration of Javier Ernesto Ochoa Quinonez, which is dated 2007, before the filing of this

lawsuit.[2]  (Exhibit A.)  Similarly, Plaintiffs have been in possession of Hernando de Jesus Fontalvo Sanchez's sworn declaration since early August of 2011. (Exhibit B.)  Finally, in March 2011, Defendants have already requested letters rogatory for Ochoa and Yuca.  Plaintiffs cannot legitimately suggest that any of these three witnesses are "newly discovered."

Plaintiffs' alternative justification, that some witnesses "only recently agreed to testify" (Dkt. 337, p. 2), is similarly meritless.  Plaintiffs provide no explanation whatsoever of which of these witnesses recently agreed to testify or whether or under what circumstances they had previously refused to testify.  In some cases, these witnesses gave Plaintiffs declarations years ago.  In addition, the letter rogatory process set forth by the Court did not require the parties to show that the potential witnesses had *agreed* to testify.  In fact, the letter rogatory process forces witnesses to testify, whether they want to or not.  Therefore, there is no reason Plaintiffs could not have asked for letters rogatory long ago, even if they were not confident the witnesses wanted to testify.

## II.    PLAINTIFFS HAVE NOT SHOWN GOOD CAUSE FOR ALTERING THE DISCOVERY DEADLINES.

Plaintiffs' motion is bereft of any explanation of Plaintiffs' due diligence in identifying these witnesses and ascertaining the witnesses' knowledge, if any,

---

[2] The 2007 declaration was translated by Rebecca Pendleton, a member of Plaintiffs' defense team.

regarding this case.  It is well established that "good cause" must be shown for altering deadlines imposed by a scheduling order:

> [Scheduling orders] 'control the subsequent course of the action unless modified by a subsequent order,' Fed. R. Civ. P. 16(e), and may be modified only 'upon a showing of good cause.' Fed. R. Civ. P. 16(b). This good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.' Fed. R. Civ. P. 16 advisory committee's note; *see also Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992) ('If [a] party was not diligent, the [good cause] inquiry should end.').

*Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (affirming dismissal of a plaintiff's complaint where she failed exercise appropriate diligence to comply with the district court's deadline for amending pleadings).  *See also Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1307 (11th Cir. 2011) (recognizing that discovery deadlines may be extended on a *post hoc* basis only where there is a showing of "good cause").  This rule is especially applicable here, where the deadline in question passed over a year ago.

To show "good cause" Plaintiffs must, at a minimum, "submit evidence [1] to show that the prospective witness's testimony would be relevant and non-duplicative," and evidence [2] to show that they "exercise[d] due diligence in locating the witness prior to the discovery deadline." *Wega v. Center for Disability Rights Inc.*, 395 F. App'x 782, 786, 2010 WL 3933563, at *3 (2d Cir. 2010); *see also Oakview Building Consensus Joint Venture, LLC v. First Bank*, 2010 WL

4606520, at *2 (D. Nev. 2010) (a request to extend a discovery deadline must be

supported by "good cause" and the moving party must "establish the diligence of

counsel in attempting to meet the extended deadlines").   Here, Plaintiffs have

shown neither.

As noted earlier, Plaintiffs offer no explanation of how or why the identity

of these eight individuals only recently became known to them, much less an

explanation of why Plaintiffs' supposedly diligent efforts failed to reveal their

identities sooner.   Moreover, for the majority of these individuals, Plaintiffs also

offer no description of how or why their testimony will be "relevant and non-

duplicative."   This failure to show "good cause" why their motion should be

granted is dispositive:

> Defendants have clearly not shown that, despite their diligence, they
> could not meet the February 28, 2006 scheduling order deadline.
> Defendants have failed to show diligence at all. Furthermore, not only
> have Defendants failed to explain why they were unable to meet the
> February 28, 2006 deadline, but Defendants have also failed to
> explain why they were unable to file the motion before the expiration
> of the *extended* discovery period in order to allow Plaintiff the
> opportunity to conduct discovery on the additional affirmative
> defenses. Finally, there is no evidence nor any argument that the
> information supporting the additional defenses was not available to
> Defendants prior to the scheduling order deadline or even prior to the
> expiration of discovery.

*Postell v. Greene County Hosp. Authority*, 2006 WL 2583686, at *2 (M.D. Ga.

2006) (collecting cases requiring a showing of diligence to meet the good cause

requirement) (emphasis in the original).

{B1414757}                                          10 of 20

Furthermore, this is not the first time Defendants have been subjected to late-disclosed witnesses. In 2007, Drummond was exonerated by an Alabama jury in a similar case and that decision was upheld by the Eleventh Circuit in *Romero v. Drummond Co., Inc.*, 552 F.3d 1303 (11th Cir. 2008) ("*Drummond I*"). Among the issues the *Drummond I* plaintiffs appealed were several evidentiary rulings by Judge Karen Bowdre, including the denial of a late-filed motion for letters rogatory. *Id.* at 1309. The Eleventh Circuit affirmed Judge Bowdre's denial of the issuance of additional letters rogatory due to plaintiffs' inexcusable delay and lack of due diligence in discovery in *Drummond I*. *Id.* at 1321-23. In affirming the district court, the Eleventh Circuit held:

> The plaintiffs also were not diligent in their efforts to discover all of their witnesses before the close of discovery. Although the plaintiffs asserted that dramatic changes in Colombia caused many previously unavailable witnesses to come forward, the plaintiffs failed to explain how those changes affected [a witness].

*Id.* at 1321.

Plaintiffs' counsel have been investigating Drummond's supposed relationship with the AUC since at least 2002, when the first *Drummond I* complaint was filed. Presumably, as part of their investigation to gather evidence corroborating their claims in *Drummond I*, Plaintiffs' counsel indentified and interviewed numerous former paramilitaries. Yet they contend here that ten years of investigation suddenly led to new, key witnesses just three months before the

close of discovery.  Plaintiffs' excuses here echo those rejected by the Eleventh

Circuit in *Drummond I*.  In *Drummond I*, the plaintiffs contended that "dramatic

changes caused many previously unavailable witnesses to come forward."  *Id.*

Now, the new witnesses have "recently agreed to testify."  Plaintiffs, however, fail

to explain how these witnesses, many of whom gave declarations to Plaintiffs

months or years ago, can be characterized as newly discovered or recently having

agreed to testify, or how these witnesses went undiscovered over the last ten years.

Plaintiffs also argue that because they seek to "preserve testimony via the

letters rogatory process," this Court's discovery deadlines, and the corresponding

"good cause" requirement, do not apply.  (Dkt. 337, pp. 8 & 10.)  Plaintiffs'

argument, however, is contrary to Eleventh Circuit law:

> As noted, the discovery deadline expired over three months ago, and
> the plaintiff cannot avoid the effect of that deadline by couching
> Gatewood's deposition as a 'trial deposition.' As the Court made clear
> at the final pretrial conference, once the discovery deadline passes the
> parties may take further depositions by agreement but cannot rely on
> the Court to require that they be allowed if the parties do not agree.
> This is in accordance with Eleventh Circuit law.
>
> 'The district court's identical treatment (for timing purposes) of
> discovery and [trial] depositions is consistent with the language of the
> Federal Rules of Civil Procedure, which draw no distinction between
> the two.... For a court to treat discovery deadlines as applying to all
> depositions is not an uncommon or inherently unreasonable kind of
> shorthand to say 'be done with deposition taking by 'X' date.' So,
> parties who delay in taking a needed deposition and who assume that
> a district court will draw (when the Rules do not and if the pretrial
> order does not) a distinction, for pretrial scheduling purposes, between

> different kinds of depositions assume a risk: they cannot count on the
> trial court's allowing a deposition to be taken closer to the trial date.'

*Kuithe v. Gulf Caribe Maritime, Inc.*, 2009 WL 3711553, at *1 (S.D. Ala. 2009)

(quoting *Chrysler International Corp. v. Chemaly,* 280 F.3d 1358, 1362 n.8 (11th

Cir. 2002) (distinguishing *Charles v. Wade*, 665 F.2d 661 (5th Cir. 1982), relied

upon by Plaintiffs here, and holding that a party's "delay in acting" justified the

district court's refusal to allow the trial deposition of a witness in South Africa));

*see also Bamcor LLC v. Jupiter Aluminum Corp.*, 2010 WL 4955545, at *2 (N.D.

Ind. 2010) *(*discussing *Charles v. Wade* and *Spangler v. Sears, Roebuck, and Co.*,

and holding that because "Bamcor has not submitted sufficient evidence to

establish Hoerchler's unavailability, and the record reflects that Bamcor does not

have knowledge of Hoerchler's testimony, it would be an abuse of discretion for

the court to now allow Bamcor to conduct Hoerchler's deposition and ignore the

court's discovery deadlines absent good cause.").   Accordingly, the Eleventh

Circuit does not subscribe to Plaintiffs' theory that discovery deadlines are

meaningless in situations involving a party's efforts to preserve trial testimony.

The cases relied on by Plaintiffs for this proposition are inapposite.   In

*Estenfelder v. Gates Corp.*, for example, the court examined four factors in

determining whether to disregard a discovery deadline in order to allow a party to

take four depositions to preserve testimony for trial:

(1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in court, and (4) bad faith or willfulness in failing to comply with the court's order.

199 F.R.D. 351, 356 (D. Colo. 2001) (citing *Smith v. Ford Motor Co.*, 626 F.2d 784, 797 (10th Cir. 1980)).  While the *Estenfelder* court found each of these factors to be in favor allowing the depositions to go forward, the underlying facts upon which the court's analysis turned are completely different than those here.  *Id.* at 356.  For example, the court noted that the party opposing the depositions had actually noticed them previously, but then changed its mind, and thus suffered no prejudice or surprise.  *Id.*  Additionally, the court reasoned it could "cure" the prejudice to the opposing party by "allowing plaintiff to take a brief discovery deposition immediately before counsel for Gates commences her preservation deposition." *Id*.  Finally, the *Estenfelder* court noted that the depositions would not disrupt the orderly and efficient trial of the case because the case had not even been set for trial.  *Id.*  The instant matter shares none of these characteristics.

As this Court recently noted, "[t]he federal rules do not reward the dilatory, and plaintiffs' lack of diligence militates in favor of denial."  *Hall v. Thomas*, 753 F. Supp. 2d 1113, 1139 (N.D. Ala. 2010).  Plaintiffs' counsel has been pursuing civil litigation against Drummond based on alleged acts in Colombia for a decade.  Against this background, Plaintiffs cannot rely on conclusory, and in some cases

untrue, claims that these witnesses are newly discovered or recently agreed to testify to meet their burden of showing good cause.  Thus, their Motion should be denied.

### III.  ISSUING ADDITIONAL LETTERS ROGATORY WOULD SEVERELY PREJUDICE THE DEFENDANTS.

While "the lack of prejudice to the non-moving party does not justify granting the motion if the moving party was not diligent…[p]rejudice to the non-moving party may serve as an additional reason to deny the motion" *Schmidt v. Fidelity Nat. Title Ins. Co.*,  2009 WL 1789300, at *3 (D. Hawaii 2009) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d at 609).  Plaintiffs assert that Defendants will suffer no prejudice if their motion is granted.  (Dkt. 337, p. 7.) This is incorrect.  Defendants would be severely prejudiced by the issuance of these letters rogatory.

As an initial matter, the entire letters rogatory process places Defendants at a significant disadvantage by giving them only one opportunity to examine these individuals under oath, with no opportunity to thereafter investigate the witnesses' testimony in preparation to cross examine them at trial.  Indeed, the letters rogatory process has been, by its very nature, limited to a discovery tool for Defendants, who must both discover and impeach witnesses' testimony for the first (and last) time during the letters rogatory process.  Indeed, this Court provided for a discovery and trial deposition as part of its Order recognizing that one bite at the

apple prejudices Defendants' effective cross examination.

Plaintiffs' motion states that "all eight witnesses identified above have highly relevant information relating to the relationship between Drummond and the AUC" (Dkt. 337, p. 4), but this conclusory statement does not establish "good cause." With respect to the eight individuals named by Plaintiffs in their motion, Defendants have only been provided declarations from three of them. Plaintiffs outline the anticipated testimony Edgar Ariel Cordoba Trujillo (alias "57") and Jose Aristides Peinado Martinez (alias "Peinado"), both of whom have already given written declarations. (Dkt. 337, pp. 4-5.) However, for the other five witnesses, Plaintiffs have produced **no** declarations or other material which Defendants could use to prepare for their examination, and Plaintiffs' Motion offers absolutely no description of what their testimony might be aside from the list of basic questions attached to the proposed letters rogatory.[3] Defendants would therefore be walking into these proceedings with no clue as to what testimony those witnesses were going to give. This severely prejudices Defendants by effectively destroying the ability to cross examine these individuals yet allowing

---

[3] As explained in Section I, the lack of such a description, standing alone, is sufficient to defeat Plaintiffs' efforts to show "good cause" why the letters rogatory should issue. *Wega*, 395 F. App'x at 786, 2010 WL 3933563, at *3 (finding that a party failed to show "good cause" where it did not submit evidence showing that the "prospective witness's testimony would be relevant and non-duplicative").

potentially admissible trial testimony to be taken by Plaintiffs.[4]

Moreover, should Plaintiffs' Motion be granted, Defendants will be obligated to  investigate the allegations in the declarations prior to the execution of the letters rogatory.  For the majority of the individuals, Defendants will have to start from scratch and, using only a name, try to ascertain the substance of each respective individual's testimony.  Given the fact that multiple witnesses have completely disavowed prior sworn testimony and other former statements during the letters rogatory executed to date, full investigation of all testimony each prospective witness has given in Colombia is crucial to preparing an effective cross-examination.   Furthermore, after the additional letters rogatory were executed, Defendants would then need to investigate any new allegations which arose during the letters rogatory process, and may need to issue their own letters rogatory for additional witnesses in Colombia who can rebut these new witnesses' testimony, resulting in even further delay.

In sum, if Plaintiffs' motion is granted, the inevitable delay which would follow is not limited solely to the issuance and execution of letters rogatory

---

[4] The Court denied Defendants' motion to compel Plaintiffs to inform Defendants what facts they have learned from these witnesses ahead of time, concluding that "these individuals will be deposed by Defendants.  At that time, Defendants will have a full and fair opportunity to question the witnesses' knowledge concerning the allegations of the complaint."  (Mem. Order Dkt. 332 (March 8, 2012) at 4.)  Without any showing of what these witnesses will say prior to the letter rogatory testimony, Defendants are left largely unable to prepare to cross examine these witnesses and attack the truthfulness of their testimony.

requested in the motion (although that delay is independently sufficient to warrant their denial).  Rather, that initial delay would be compounded by the further delay needed to allow Defendants sufficient time to both investigate the new testimony and possibly issue additional letters rogatory for rebuttal witnesses.  *See, e.g., Herring v. Veterans Admin.*, 1996 WL 32147, at *2-3, 76 F.3d 386 (9th Cir. 1996) (affirming a district court's refusal to extend discovery deadlines where those deadlines had been extended before and holding an extension "at this stage of the litigation would seriously prejudice the Defendant and cause undue delay in the resolution of this case.").  Plaintiffs recently opposed Defendants' motion for a stay of this case, arguing that the schedule should remain in place.  Yet, they effectively ask here to extend the discovery schedule for many months, if not a year, to obtain this testimony.  The inevitable delay associated with the granting of Plaintiffs' motion, as well as the severe prejudice to Defendants which would accompany the issuance of these additional letters rogatory, constitute additional reasons why this Court should deny Plaintiffs' motion.

## **Conclusion**

Plaintiffs, because they failed to exercise diligence in both identifying these additional witnesses and in requesting the letters rogatory, have failed to show good cause why this Court should retroactively extend its previous deadline and issue the requested letters rogatory.  Furthermore, the issuance of these additional

letters rogatory would severely prejudice Defendants and would, without a doubt, cause a substantial delay in these proceedings.  For all of these reasons, Defendants respectfully request that this Court deny Plaintiffs' Motion for the Issuance of Additional Letters Rogatory to Take Testimony (Dkt. 337).


Respectfully submitted,

/s/ William H. Jeffress, Jr.                    /s/ William A. Davis, III                    
William H. Jeffress, Jr.                          William A. Davis, III (ASB-5657-D65W)
David A. Super                                      H. Thomas Wells, III (ASB-4318-H62W)
Sara E. Kropf                                        Benjamin T. Presley (ASB-0136-I71P)
Rachel Cochran                                     Starnes Davis Florie LLP
Bryan H. Parr                                       P.O. Box 59812
Baker Botts L.L.P.                                 Birmingham, AL 35259
1299 Pennsylvania Avenue, NW              (205) 868-6000
Washington, DC 20004-2400                   fax:  (205) 868-6099
(202) 639-7700
fax: (202) 639-7890

*Attorneys for the Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on **April 4, 2012**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Terrence P. Collingsworth, Esq.
Christian A. Levesque, Esq.
Rachel A. Sheridan, Esq.
Conrad & Scherer, LLP
1156 15th Street NW, Suite 502
Washington, D.C. 20005

William R. Scherer, Esq.
Conrad & Scherer, LLP
633 South Federal Highway
Ft. Lauderdale, FL   33301

Eric J. Hager, Esq.
Conrad & Scherer, LLP
Avenida República de El Salvador 500 e Irlanda
Edificio Siglo XXI, PH Oficina W
Quito, Ecuador

/s/ William A. Davis, III
William A. Davis, III (ASB-5657-D65W)