# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **CLAUDIA BALCERO GIRALDO, et al.,** } | |
| } | |
| **Plaintiffs,** } | |
| } | |
| v. } | |
| } | **Case No.: 2:09-CV-1041-RDP** |
| **DRUMMOND COMPANY, INC., et al.,** } | |
| } | |
| **Defendants.** } | |

## MEMORANDUM OPINION AND ORDER

The court has before it Plaintiffs' Opposed Motion for Issuance of Additional Letters Rogatory to Take Testimony (Doc. #337) filed on March 23, 2012. Pursuant to the court's order (Doc. #338) of March 28, 2012, the Motion for Issuance of Additional Letters Rogatory (Doc. #337) has now been fully briefed (*see* Docs. #337, 341, 349) and is before the court for review.

**I.   Background**

Pursuant to 28 U.S.C. § 1781 and Federal Rule of Civil Procedure 28(b), Plaintiffs request that the court issue letters rogatory seeking testimony from the following witnesses: Edgar Ariel Cordoba Trujillo (alias "57"); Jairo Alfonso Samper Cantillo (alias "Lucho"); Javier Ernesto Ochoa Quinonez (alias "Mecanico"); Hernando De Jesus Fontalvo Sanchez (alias "Pajaro"); Jose Aristides Peinado Martinez (alias "Peinado"); Javier Enrique Coronado Sarmiento; Oscar David Perez Bertel (alias "Yuca"); and Edgar Ignacio Fierro Flores (alias "Don Antonio").[1] (*See* Doc. #337). Plaintiffs

---

[1] On April 20, 2012, Plaintiffs filed a Supplement to their Motion for Issuance of Additional Rogatory to Take Testimony seeking an additional letter rogatory for Luis Francisco Robles (alias Amaury). For the reasons asserted herein, that additional letter rogatory will also be issued by the court.

contend that during the course of interviewing witnesses pursuant to earlier-issued letters rogatory, they have discovered that these additional demobilized AUC paramilitaries have testimony relevant to the case. (Doc. #337 at 1). Specifically, Plaintiffs believe that these additional witnesses have "extremely important" information relevant to Defendants' alleged relationship with the AUC and involvement in the assassination of union leaders in Colombia. (Doc. #337 at 1, 4). The request is due to be granted, Plaintiffs contend, "because the witnesses from whom Plaintiffs seek testimony are either newly discovered or have only recently agreed to testify." (Doc. #337 at 2).

Defendants oppose the issuance of additional letters rogatory over a year after the deadline for issuing such letters has passed. (Doc. #341 at 5) ("Plaintiffs' request comes over a year after the deadline this Court set [after having already continued that deadline once before] for requesting the issuance of letters rogatory, March 14, 2011."). Defendants challenge the contention that the individuals are "either newly discovered or have only recently agreed to testify" (Doc. #337 at 5; *see also* Doc. #341 at 5-6) and argue that issuing these letters so late in the game would leave Defendants without enough time to investigate the veracity of the allegations (Doc. #341 at 6-7) ("Plaintiffs' motion is untimely, rife with factual misrepresentations, and utterly lacks a showing of good cause . . . granting this motion would severely prejudice the Defendants.").

The parties contest the standard of review that the court should employ in considering the motion. Defendants contend that Plaintiffs must establish good cause[2] for altering the deadline. *See* FED. R. CIV. P. 16(b)(4). In particular, Defendants assert that the deadline long ago passed for issuing letters rogatory and, absent good cause, that deadline cannot be changed; Plaintiffs assert that

---

[2] Good cause "precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (internal citations omitted).

the terms of the Scheduling Order allows for final witness lists to be filed thirty days before the trial, and that deadline is applicable here since the testimony sought is for trial purposes only. Plaintiffs argue that this standard does not apply because they seek the desired testimony for trial purposes only and do not seek to extend the discovery deadline. (*See* Doc. #349 at 3, 6).

The court has fully considered the arguments from each camp and rests its decision on two considerations. First, the Eleventh Circuit (as well as other courts in this Circuit) approves of a district court's use of identical timing for discovery and trial depositions, *see Kuithe v. Gulf Caribe Maritime, Inc.*, 2009 WL 3711553, No. 08-0458-WS-C at *1 (S.D. Ala. Nov. 3, 2009) ("As noted, the discovery deadline expired over three months ago, and the plaintiff cannot avoid the effect of that deadline by couching [the witness's] deposition as a 'trial deposition.'); *Chrysler International Corp. v. Chemaly*, 280 F.3d 1358, 1362, n. 8 (11th Cir. 2002) ("For a court to treat discovery deadlines as applying to all depositions is not an uncommon or inherently unreasonable kind of shorthand to say 'be done with deposition taking by X date.' So, parties who delay in taking a needed deposition and who assume that a district court will draw (when the Rules do not and if the pretrial order does not) a distinction, for pretrial scheduling purposes, between different kinds of depositions assume a risk: they cannot count on the trial court's allowing a deposition to be taken closer to the trial date."). Second, this case presents the unique circumstance of requiring letters rogatory for the preservation of testimony for trial is another factor to be considered. (Doc. #349 at 4, 6) ("Recently, it has become evident that despite Plaintiffs' diligence and persistence, it is unlikely that either party will obtain testimony of any detained witness through voluntary depositions.").

The discovery cut off date in this case is June 29, 2012. The parties and the court have noted repeatedly that they are serious about sticking to that time frame, especially given the fact that this

case was originally filed in 2009. (Doc. #339 at 22, 53). Indeed, the deadline for filing letters rogatory expired in March 2011, over a year ago. (*See* Doc. #133). The deadline for letters rogatory ended well before the discovery cut off for good reason – the letters rogatory process, as the court and the parties have experienced, is not without complications. (*See* Docs. #148-178, 186-194, 199-210, 229, 230, 235, 242, 250-253, 328, 329, 331, 333, 339). However, when the court and the parties set the letters rogatory cut off date for March 2011, the parties anticipated being able to obtain voluntary depositions from jailed Colombian witnesses beyond the letters rogatory cut off date. (*See* Doc. #349 at 5-6). Voluntary depositions, however, seem to no longer be an option. (*See* Doc. #349 at 6) ("Thus, for those witnesses who will now speak to Plaintiffs, their only option to preserve testimony is through the formal letters rogatory process. Plaintiffs' motion reflects the changing circumstances and the logistical realities surrounding taking testimonies of incarcerated individuals in Colombia."); (*see also* Doc. #199, "Consent Motion to Take Deposition of Four Individuals Incarcerated in Colombian Prisons"). In light of these developments, it makes sense now that any testimony pursuant to letters rogatory **should be completed by the *discovery cut off date*** as opposed to the previously agreed upon letters rogatory cut off date.[3] (*See* Doc. #349 at 9) ("[I]t is highly likely that the letters rogatory will be completed long before the trial date, as the U.S. and Colombian ministries are now accustomed to this process . . .").

---

[3] Even for those individuals whose voluntary depositions were sought, the parties and the court contemplated that *both* discovery and trial depositions would be completed before the discovery cut off date. (*See* Docs. #199, 210) ("The parties will first take discovery depositions. These depositions are scheduled for the weeks of September 12 and September 19, 2011, but may be rescheduled by consent of the parties or if the required permission by the Colombian government is not provided in time for the depositions to be taken on that schedule. The parties will then take the trial testimony at a later date, but in no event sooner than one month after the discovery depositions. The parties have tentatively agreed that the trial testimony of these four individuals will be taken in November 2011.").

The court is hard-pressed to see the prejudice that Defendants might experience by the issuance of these nine additional letters rogatory prior to the discovery cut off date. As opposed to voluntary depositions taken by Plaintiffs for trial purposes, the letters rogatory process (as the courts and the parties have come to understand) has thus far allowed a full and fair opportunity for Defendants to participate, pose their own questions, and cross examine. (*See, e.g.,* Doc. #210 at ¶ 4). And, at Defendants' own admission, at least two of the letters rogatory have already been issued by Defendants, and two of the "new" witnesses have provided sworn declarations. (*See* Doc. #341 at 7-8; *see also* Doc. #349 at 10). Plaintiffs have represented to the court and to Defendants that they already know the content of the witnesses' prospective testimony and only seek to preserve the testimony for trial. (*See* Doc. #349 at 10). The letters rogatory process will afford Defendants the opportunity to depose these witnesses prior to trial.

**III.   Conclusion**

For the foregoing reasons, Plaintiffs' Opposed Motion for Issuance of Additional Letters Rogatory to Take Testimony (Doc. #337) is **GRANTED IN PART**. However, the parties are cautioned that, absent either the agreement of the parties or the showing of extraordinary good cause, the court **will not extend the discovery deadline in this case** in the event that testimony from these nine late-issued letters rogatory is not completed by June 29, 2012.

By separate orders the court will proceed with issuing the letters rogatory as requested.

**DONE** and **ORDERED** this ___26th___ day of April, 2012.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE