FILED
2012 Apr-27  AM 09:21
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| CLAUDIA BALCERO GIRALDO, et al., | ) | |
| | ) | Case No. 2:09-cv-1041-RDP |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DRUMMOND COMPANY INC., et al., | ) | |
| | ) | |
| Defendant. | ) | |

**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTER ROGATORY)**

The United States District Court for the Northern District of Alabama (Southern Division) presents its compliments to the Appropriate Judicial Authority of the Republic of Colombia and requests international judicial assistance to obtain evidence to be used in a civil proceeding before this court in the above captioned matter. A trial in this matter is scheduled at present for December 2012 in Birmingham, Alabama, United States of America.

This Court requests the assistance described herein as necessary in the interests of justice. The assistance requested is that the Appropriate Judicial Authority of the Republic of Colombia compels one of its citizens to appear and give testimony before an official authorized to take oaths in Colombia.

This Court requests that the below-named individual be interrogated as set out by one of the procedures described below.

**WITNESS NAME:** EDGAR ARIEL CORDOBA TRUJILLO (**Alias 57**)

**NATIONALITY:** COLOMBIAN

**PERSONAL IDENTIFICATION NUMBER (Cedula):** 71.978.994

**CURRENT ADDRESS:** Establecimiento Penitenciario de Mediana Seguridad Cartagena, Carretera Troncal Kilometro 3, Catagena, Bolivar, Colombia

**FACTS:**

Plaintiffs are nearly 609 wrongful death beneficiaries of persons executed by the Juan Andres Alvarez Front of the United Self Defense Forces of Colombia ("AUC"). As alleged in Plaintiffs' complaint, the AUC Northern Block's Juan Andrés Alvarez Front received knowing

and substantial assistance from the Drummond Company and the individual defendants named in the Complaint.

Following this Court's decision of April 30, 2010, this case is going forward on Plaintiffs' claims for war crimes and extrajudicial killings under the Alien Tort Statute ("ATS") and for extrajudicial killing under the Torture Victim Protection Act ("TVPA"), 28 U.S.C. § 1350, against Defendants Drummond Company, Inc. ("DCI"); Drummond Ltd. ("DLTD"); DLTD's President, Augusto Jimenez; Former Director of Security for DCI, James Adkins; and President of DCI Mining Operations, Mike Tracy (collectively referred to as "Drummond" or "Defendants").

The witness has personal knowledge of the facts alleged in Plaintiffs' complaint regarding the assistance received by the AUC from the Defendants.

**NOTIFICATION**:

This Court requests that the Appropriate Judicial Authority of the Republic of Colombia give notice to Plaintiffs' counsel of record about the date, time, and place where the witness examination is going to take place. Counsel for Plaintiffs will notify all counsel for the Defendants, and can be notified as follows:

**Contact information in the United States**
Terrence Collingsworth
Lorraine Leete
Christian Levesque
Eric Hager
**CONRAD & SCHERER, LLP**
1156 15th Street NW, # 502
Washington, D.C. 20005
Telephone: 202-543-4001
Email address: tcollingsworth@conradscherer.com

**Contact information in Colombia**
Francisco Ramirez Cuellar
Pedro Mahecha Avila
**OFICINA DEL ABOGADO FRANCISCO RAMIREZ**
Calle 19 No. 3-10
Edificio Barichara Torre B, Oficina 2101
Bogota, Colombia
Phone: (57) (1) 283-5839
Fax: (57) (1) 281-7349
Email address: abogados.aso@hotmail.com

**SPECIAL METHODS OR PROCEDURES TO BE FOLLOWED:**

As the preferred option, this Court requests that the appropriate Colombian Judicial Authority allow Plaintiffs' counsel, Terrence Collingsworth, Lorraine Leete, Christian Levesque, or Eric Hager, to take the witness testimony as provided by Rule 30(b)(3) of the United States Federal Rules of Civil Procedure, and that designated counsel for the Defendants then be permitted to further examine the witness. In this manner, the testimony should be recorded by stenographic and audiovisual means and with the assistance of an interpreter.

As an alternative option, this Court requests that the witness testimony be taken by an officer designated by the appropriate Colombian Judicial Authority and performed in the manner described below:

- This Court requests that the appropriate Colombian Judicial Authority instruct a person authorized to administrate oaths to take the witness' oath.

- This Court requests that the Colombian Judicial Officer appointed for this purpose read the questions (listed below) to the witness verbatim (in order and one at a time), and that the Colombian Judicial Officer ask appropriate follow up questions.

- This Court requests that counsel for Plaintiffs and counsel for Defendants be permitted to attend the questioning and to each have a reasonable opportunity to pose additional follow up questions.

- This Court requests that the questions posed to the witness and his answers be recorded by a court reporter or by a person able to produce a verbatim transcript of the examination.

- **QUESTIONS FOR THE WITNESS:**

1. State your full name.

2. State all aliases you have used.

3. Have you been known by the name or alias, "Virgilio" or "Cinco Siete"?

4. You were you a member of the AUC (Fuerzas de Autodefensas Unidas de Colombia), correct?

5. When were you a member of the AUC?

6. What position or positions did you hold as a member of the AUC?

7. While you were a member of the AUC, who was your boss (to whom did you report)?

8. Did you report to Salvatore Mancuso?

9. Did you report to Carlos Castaño?

10.  Did you ever report to alias, Jorge 40?

11.  Were you a member of a particular Front or group of the AUC?  If so, which one?

12.  As a member of the AUC, did you ever work in the banana zone in Magdalena Province in Colombia?

13.  During what time period?

14.  If so, why were you sent to work in the banana zone in Magdalena Department?

15.  Was there a presence of either the Revolutionary Armed Forces of Colombia ("FARC") or the National Liberation Army (hereinafter "ELN") in Cesar Department at that time?

16.  Did you have any contact with Drummond Company while in Magdalena?

17.  Were you ever instructed to provide security to Drummond's railroad line which passed through Magdalena Department?

18.  Who instructed you to provide security to Drummond's railroad line?

19.  In late 2001, did you ever discuss with Jorge 40 a request by Drummond to create a security company that would function as a front for the AUC?

20.  Did Jorge 40 ask you for the names of 40 trustworthy people who had links to the AUC to serve as employees of this security company?

21.  Did you provide Jorge 40 with these 40 names, and with their resumes?

22.  Please describe any other details about what you remember about Drummond's request, including who else was aware of this plan.

23.  Can you confirm that Drummond made monthly payments regularly to the AUC?

24.  How do you know the payments from Drummond were made regularly?

25.  When did the payments begin and did they continue until the AUC's demobilization?

26.  Did you ever receive any instructions to carry out any other operations with the AUC that were related to Drummond's operations or security?

27.  If so please provide any deatails that you recall regarding these operations, and who gave you these orders.

28. Did you ever meet or interact with Drummond managers or officers Alfredo Araujo, (ret. Col.) Luis Carlos Rodriquez, Augusto Jimenez, James Adkins, Mike Tracy, (ret. Col.) Ricardo Lineros or (ret. General) Rafael Pena Rios?

29. Did you ever meet, or were you ever present when others from the AUC met any other Drummond managers? Please specify.

30. If so, please provide the details of those meetings or interactions, including approximate date, what was discussed, the purpose of the meeting or interaction, and who was present.

**WITNESS RIGHTS:** Witness rights are protected by the United States Federal Rules of Civil Procedure, in particular, by Rules 26, 30 and 31; by § 1512, title 18, part I, chapter 73; and by §1821, title 28, part V, Chapter 119 of the United States Code.

**REQUEST:** This Court kindly requests that the Judicial Authority in the Republic of Colombia return one copy of the following documents properly executed:

1. A certificate of compliance including the date, time and place where the witness testimony was taken.

2. A certified and authenticated copy of the transcript of the witness examination, including the questions made to the witness and his answers.

**This Court graciously expresses its gratitude to the appropriate Judicial Authority of the Republic of Colombia for the assistance given to this request and expresses its willingness to provide similar assistance in the future.**

**This Court is willing to assist the appropriate Judicial Authority in Colombia in obtaining reimbursement for costs incurred in executing this request of judicial assistance.**

_____

**R. DAVID PROCTOR**
**UNITED STATES DISTRICT JUDGE**

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**

**BIRMINGHAM, ALABAMA**
**UNITED STATES OF AMERICA**

Done at _Birmingham, AL, USA_, this _26th_ date of _April_ of 2012.