# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **CLAUDIA BALCERO GIRALDO, et al.,** }<br>  }<br>   Plaintiffs, }<br>  }<br> v. }<br>  }<br> **DRUMMOND COMPANY, INC., et al.,** }<br>  }<br>   Defendants. } | Case No.: 2:09-CV-1041-RDP |

## MEMORANDUM OPINION

The court has before it Plaintiffs' Motion for Reconsideration or, Alternatively, for a Rule 54(b) Certification (Doc. #432), filed on December 27, 2012. Pursuant to the court's Order (Doc. #433) of January 2, 2013, the Motion (Doc. #432) has been fully briefed (*see* Docs. #432, 434, 435, 438) and is properly before the court for review.

This case was originally filed on May 27, 2009 by Plaintiffs Jane Doe (1-166) and Peter Doe (1-81) alleging claims for equitable relief and damages under the Alien Tort Claims Act ("ATS"),[1] Torture Victims Protection Act ("TVPA"), 28 U.S.C. § 1350, and Colombian wrongful death law. (*See* Compl. ¶¶ 122-144). The original complaint named James Atkins (sic) as a Defendant.

The Complaint went through two motions to dismiss by Drummond Company, Inc. ("DCI") and Drummond Limited ("DLTD"). After the filing of the Second Amended Complaint, Defendant

---

[1] Over time, courts have referred variously to 28 U.S.C. § 1350 as the Alien Tort Statute (hence "ATS"), the Alien Tort Act, and the Alien Tort Claims Act. In *Sosa v. Alvarez-Machain*, 542 U.S. 692 (2004), the Supreme Court referred to § 1350 as the Alien Tort Statute. *See Vietnam Ass'n for Victims of Agent Orange v. Dow Chemical Co.*, 517 F.3d 104, 113, n. 2 (2d. Cir. 2008). This court will primarily use that designation.

James Adkins filed a Motion to Dismiss (Doc. #78), asserting, *inter alia*, lack of personal and subject matter jurisdiction over him. (*See* Doc. #79). Bound to consider the question of personal jurisdiction first (*see* Doc #141 at 5, n. 3), the court analyzed whether exercising jurisdiction over Adkins would comply with the Fourteenth Amendment's Due Process Clause. (*See* Doc. #141 at 7). The court concluded that specific personal jurisdiction did not exist over Adkins, and that Adkins did not purposefully avail himself of the benefits of the forum state. (*See* Doc. #141 at 8-14). The dismissal of Adkins, without prejudice, was entered on March 24, 2011. (*See* Doc. #179).

On September 27, 2011, the court entered a Memorandum Opinion and Order (Doc. #232) allowing Plaintiffs to file a Third Amended Complaint. That Complaint was filed on September 29, 2011 and added James Adkins back into the mix. (*See* Doc. #213, ¶ 5). On January 30, 2012, Adkins filed a renewed Motion to Dismiss (Doc. #303) and brief in support thereof (Doc. #304). Using the same case law and analysis as before, the court again determined that the allegations of the Third Amended Complaint were not sufficient to assert personal jurisdiction over Adkins. (*See generally* Doc. #386). Six days later, Plaintiffs filed an Emergency Motion to Take Deposition of James Adkins as a Third Party Outside of the Discovery Period (Doc. #388).

On June 28, 2012 the court held an in-chambers conference for the purpose of discussing the emergency motion and Plaintiffs' request to have the Adkins dismissal order certified for immediate review under Federal Rule of Civil Procedure 54(b). (*See* Doc. #391). Following the conference, the court ordered the parties to meet and confer on the Rule 54(b) issue. In the meet and confer process, Adkins agreed to accept service of a subpoena *ad testificandum*, and Plaintiffs agreed to revisit the Rule 54(b) issue, if necessary, after the deposition. To that end, the court entered an order on July 6, 2012 stating that, *by agreement of the parties*, Plaintiffs would file a renewed Rule 54(b)

motion within fifteen (15) days of completing the deposition of James Adkins, if necessary. (*See* Doc. #392).

Adkins was deposed on August 2, 2012. Plaintiffs never filed a motion for Rule 54(b) certification of the June 2012 dismissal order.[2] Instead, five months later, on December 27, 2012, Plaintiffs filed the now-pending Motion for Reconsideration[3] or in the Alternative for Rule 54(b) Certification. (*See* Doc. #432). Plaintiffs now argue that reconsideration is warranted because: (1) this court "fundamentally misconstrued the law and erroneously applied it;" and (2) Plaintiffs obtained new evidence in the deposition of James Adkins which bears on the exercise of personal jurisdiction. (*See* Doc. #432 at 4). Although each of these grounds could potentially provide relief from the interlocutory order, neither are sufficient here. *See Solutia*, 726 F. Supp. 2d at 1328.

---

[2] On July 6, 2012 Adkins was also dismissed from *Baloco v. Drummond*, 7:09cv557 (*Baloco*, Doc. #92). In the order of dismissal, this court noted that the dismissal was appropriate "for the same reasons as set forth in the court's Memorandum Opinion (Doc. #386) entered in *Balcero et al. v. Drummond Co., Inc.*, 2:09cv1041-RDP on June 20, 2012." (*Baloco*, Doc. #92). On September 12, 2012, the court granted summary judgment and dismissals as to all remaining defendants. (*Baloco*, Docs. #95, 96). On October 11, 2012, Plaintiffs filed a Notice of Appeal but waived their right to appeal the decision as to Adkins, stating that they would seek review "if necessary, in the *Balcero* case." (*Baloco*, Doc. #96 at 1, n.1).

[3] The Federal Rules of Civil Procedure do not specifically authorize motions for reconsideration of interlocutory orders, but they are common enough in practice. "If [an order] be only interlocutory, the court at any time before final decree may modify or rescind it." *John Simmons Co. v. Grier Bros. Co.*, 258 U.S. 82, 88 (1922); *see also Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981) ("As long as a district (or an appellate) court has jurisdiction over the case, then (in absence of prohibition by statute or rule), it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient."); *Solutia, Inc. v. McWane*, 726 F. Supp. 2d 1316, 1328 (N.D. Ala. 2010) (Greene, J.) ("[A] district court retains discretionary authority to revisit such interlocutory orders at any time prior to final judgment.").

A district court's authority to revise interlocutory orders comes from Federal Rule of Civil Procedure 54(b) – "Any order or other decision, however designated, that adjudicates fewer than all the claims or rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating the claims and all the parties' rights and liabilities." *See Herman v. Hartford Life & Accident Ins. Co.*, Slip Copy, 2013 WL 530836 at *4, n. 1 (11th Cir. Feb. 13, 2013). Although Rule 54(b) does not delineate the parameters of a district court's discretion to reconsider interlocutory orders, the Eleventh Circuit has indicated that Rule 54(b) takes after Rule 60(b). *Id.*, quoting *Fernandez v. Bankers Nat'l Life Ins. Co.*, 906 F.2d 559, 569 (11th Cir. 1990) (reviewing a district court's grant of a motion to reconsider a denial of summary judgment as if it were a Rule 60(b) motion).

motion within fifteen (15) days of completing the deposition of James Adkins, if necessary. (*See* Doc. #392).

Adkins was deposed on August 2, 2012. Plaintiffs never filed a motion for Rule 54(b) certification of the June 2012 dismissal order.[2] Instead, five months later, on December 27, 2012, Plaintiffs filed the now-pending Motion for Reconsideration[3] or in the Alternative for Rule 54(b) Certification. (*See* Doc. #432). Plaintiffs now argue that reconsideration is warranted because: (1) this court "fundamentally misconstrued the law and erroneously applied it;" and (2) Plaintiffs obtained new evidence in the deposition of James Adkins which bears on the exercise of personal jurisdiction. (*See* Doc. #432 at 4). Although each of these grounds could potentially provide relief from the interlocutory order, neither are sufficient here. *See Solutia*, 726 F. Supp. 2d at 1328.

---

[2] On July 6, 2012 Adkins was also dismissed from *Baloco v. Drummond*, 7:09cv557 (*Baloco*, Doc. #92). In the order of dismissal, this court noted that the dismissal was appropriate "for the same reasons as set forth in the court's Memorandum Opinion (Doc. #386) entered in *Balcero et al. v. Drummond Co., Inc.*, 2:09cv1041-RDP on June 20, 2012." (*Baloco*, Doc. #92). On September 12, 2012, the court granted summary judgment and dismissals as to all remaining defendants. (*Baloco*, Docs. #95, 96). On October 11, 2012, Plaintiffs filed a Notice of Appeal but waived their right to appeal the decision as to Adkins, stating that they would seek review "if necessary, in the *Balcero* case." (*Baloco*, Doc. #96 at 1, n.1).

[3] The Federal Rules of Civil Procedure do not specifically authorize motions for reconsideration of interlocutory orders, but they are common enough in practice. "If [an order] be only interlocutory, the court at any time before final decree may modify or rescind it." *John Simmons Co. v. Grier Bros. Co.*, 258 U.S. 82, 88 (1922); *see also Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981) ("As long as a district (or an appellate) court has jurisdiction over the case, then (in absence of prohibition by statute or rule), it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient."); *Solutia, Inc. v. McWane*, 726 F. Supp. 2d 1316, 1328 (N.D. Ala. 2010) (Greene, J.) ("[A] district court retains discretionary authority to revisit such interlocutory orders at any time prior to final judgment.").

A district court's authority to revise interlocutory orders comes from Federal Rule of Civil Procedure 54(b) – "Any order or other decision, however designated, that adjudicates fewer than all the claims or rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating the claims and all the parties' rights and liabilities." *See Herman v. Hartford Life & Accident Ins. Co.*, Slip Copy, 2013 WL 530836 at *4, n. 1 (11th Cir. Feb. 13, 2013). Although Rule 54(b) does not delineate the parameters of a district court's discretion to reconsider interlocutory orders, the Eleventh Circuit has indicated that Rule 54(b) takes after Rule 60(b). *Id.*, quoting *Fernandez v. Bankers Nat'l Life Ins. Co.*, 906 F.2d 559, 569 (11th Cir. 1990) (reviewing a district court's grant of a motion to reconsider a denial of summary judgment as if it were a Rule 60(b) motion).

First, Plaintiffs filed their motion to reconsider over five months after the Memorandum Opinion dismissing Adkins was entered, and have provided no explanation for the delay. (*See generally* Docs. #432, 438). Summary judgment briefing has been completed and the court has this day ruled on those dispositive motions, effectively ending the case. To re-institute Adkins in this case at this late stage would undeniably slow the progression of the case.

Next, as stated in its Memorandum Opinion (Doc. #386) of June 20, 2012, the exercise of specific jurisdiction is only proper over a nonresident defendant when that nonresident defendant has "'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or relate to' those activities." *Burger King v. Rudzewicz*, 471 U.S. 462, 473, 475 (1985) (internal citations omitted); *see also Consolidated Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1291 (11th Cir. 2000) ("It has long been recognized that a court has the minimum contacts to support specific personal jurisdiction only where the defendant 'purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws.'"). Questions of specific jurisdiction are examined in the context of the particular claims asserted – here, the question raised for review is whether the court misconstrued Plaintiffs' allegations regarding Adkins' "indispensable role" in the conspiracy in Alabama. (*See* Doc. #432 at 6-10). Instead of looking specifically and only at the conspiracy allegations, this court examined those allegations as they are stated in the operative Complaint – under the guidance of the ATS and the TVPA. (*See* Doc. #386 at 8-13). While a conspiracy theory defendant who otherwise would not be subject to personal jurisdiction might be hailed into court if the plaintiff "plead[s] its conspiracy allegations with sufficient particularity" and alleges "overt acts taken within Alabama in furtherance of the conspiracy," *J&M Assocs., Inc. v. Callahan*, 2011 WL 5553696, at *3 (S.D.

4

Ala. Nov. 15, 2011) (internal citations omitted), such is not the case with the facts as alleged here. This court has repeatedly emphasized that the focal point of the torts alleged in this case is Colombia, not Alabama – it is not enough, under any theory, to do "some" act in the forum state. (*See* Doc. #141 at 13-17; *see also* Doc. #386 at 11). "There is a complete absence of any effects felt or intended to be felt in Alabama." (Doc. #386 at 11). Even more convincingly, the "facts" on which Plaintiffs rely to support their theory of Adkins' overt acts in Alabama are not admissible on summary judgment; the "main facts" are "deriv[ed] from the Blanco Declaration." (*See* Doc. #306 at 2, 3); (Doc. #386 at 9-10) (citing TAC, ¶ 165; Blanco Decl., ¶¶ 18, 19, 20, 25). The entirety of Blanco's testimony has been found to be inadmissible on summary judgment. (*See* Doc. #455 at 11-13).

Finally, there is no new evidence obtained that would be sufficient to support this court's exercise of jurisdiction over Adkins. (*See* Doc. #432 at 11-15). That Adkins may have viewed Garry Drummond as his "real boss" and that he may also have been an employee of DCI has no bearing on the question of whether Adkins availed himself of the jurisdiction of Alabama. (*See* Doc. #432 at 11-12). Adkins' status as an employee of an Alabama entity who communicated with his superiors in Alabama is not sufficient to justify the exercise of personal jurisdiction over him. (*See* Doc. #386 at 10; Doc. #141 at 13, n. 6). Adkins never maintained an office in Alabama, his work location was in Colombia, and he has not had any meaningful contacts with Alabama for eleven years. (*See* Doc. #386 at 10-11, 13, n. 5).

For all of the foregoing reasons and for those outlined in previous Memorandum Opinions relating to jurisdiction over James Adkins, the Motion for Reconsideration (Doc. #432) is due to be

denied.  Because this case will now effectively be closed, the Motion for a Rule 54(b) Certification (Doc. #432) is moot.

  A separate order in accordance with the Memorandum Opinion will be entered.

  **DONE** and **ORDERED** this   25th   day of July, 2013.

                /s/ R. David Proctor
                _____
                **R. DAVID PROCTOR**
                UNITED STATES DISTRICT JUDGE